## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| TENZING FINANCIAL ADVISORS, PLLC AND JERRY L. FURLONG JUNIOR; | ) ) ) ) | Case No. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| PHOS CREATIVE, LLC; DUNCAN WAY DESIGN, LLC; AND DUNCAN WAY | ) ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT AND JURY TRIAL DEMANDED

Plaintiffs Tenzing Financial Advisors, LLC ("Tenzing") and Jerry L. Furlong Jr. by and through their attorneys, StudioIP, for their Complaint against Defendants Phos Creative, LLC ("Phos"), Duncan Way Design, LLC ("DWD"), and Duncan Way ("Duncan"), allege, on knowledge as to its own actions and otherwise upon information and belief, as follows:

### I. NATURE OF THE ACTION

1.    This is a complaint for breach of contract, copyright infringement, contributory copyright infringement, and misappropriation arising from Defendants'

willful misappropriation of Tenzing's valuable copyrighted images, branding guide, and unlawful publication of Tenzing's brand development.

2.    Defendants have unlawfully breached their contract with Tenzing by publishing Tenzing's confidential brand and marketing guide online for more than a year causing irreparable harm.

3.    Defendants' breach has caused Tenzing to enforce their rights against third parties, incurring unnecessary attorney's fees associated with the protection and enforcement of their intellectual property.

## II. JURISDICTION

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction under the Copyright Act of 1976); 17 U.S.C. § 101 *et seq.* (Article I, § 8, cl. 8 of the U.S. Constitution); and 28 U.S.C. § 1338 (exclusive asserted herein against Defendant include claims for copyright infringement. This Court has supplemental jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1367.

5.    This Court has personal jurisdiction over Defendant because, on information and belief, Defendant's Principal Place of Business is 2131 NW 40th Terrace, Suite B, Gainesville, FL 32605 and is registered with the Florida Secretary of State (SunBiz) to do business in Florida.

6.    This Court has personal jurisdiction over Defendants because Defendants systematically conduct their business operations throughout the State of Florida and have purposefully availed themselves of the privileges of conducting business in the State of Florida, by offering their services to the citizens and persons of the State of Florida.

7.    This Court has personal jurisdiction over Defendant Duncan because Duncan resides in the State of Florida.

8.    This Court has personal jurisdiction over Defendant because Defendant entered into and executed the contract that give rises to the claims herein in Florida.

### III. VENUE

9.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this action occurred in this District.

11.    Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District with respect to this action.

## IV. PARTIES

12.    Plaintiff Tenzing is a limited liability company formed under the laws of Florida with its principal place of business located at 110 NE 11th Avenue Ocala, FL 34470.

13.    Tenzing is a financial advisory practice based in Ocala, Florida, that provides personalized financial planning and investment management services to individuals, families, business owners, retirees, and nonprofit organizations. Tenzing helps clients develop and execute long-term financial strategies, including portfolio management, retirement and longevity planning, estate and charitable giving, and trust and corporate retirement-plan consulting.

14.    Tenzing operates through Raymond James Financial Services Advisors, Inc., offering investment advisory services while maintaining independence as its own firm. Tenzing's philosophy emphasizes a relationship-based approach to wealth management, guiding clients through life's financial journey with personalized advice and comprehensive planning support

15.    Jerry Furlong Jr. (hereinafter, "Furlong") is the founder and branch manager of Tenzing Financial Advisors, LLC.

16.    On information and belief, Defendant Phos is a limited liability company formed under the laws of Florida with its principal place of business

located at 2131 NW 40th Terrace, Suite B, Gainsville, FL 32605. Phos offers branding and marketing services.

17.    On information and belief, Defendant Duncan Way (hereinafter, "Duncan") is an individual residing at 2120 NW 7th St., Gainesville, FL 32609.

18.    Duncan is the owner of Duncan Way Design which is located at his personal residence.

## V. FACTUAL BACKGROUND

**<u>Plaintiffs' Background</u>**

19.    Furlong is the Owner and Branch Manager of Tenzing Financial Advisors, LLC. Furlong holds certifications for Series 7, Series 66, Series 24 Licensure, and the Wealth Management Specialist™, WMS™ Designation. Coinciding with the owner's tenure, he spent 21 years as an Army National Guard Warrant Officer, flying both helicopters and airplanes, and was twice deployed to Iraq.

20.    Furlong has been a financial advisor for nearly two decades.

21.    In June 2007, Furlong began his financial services career with Edward Jones.

22.    On June 28, 2011, Furlong joined Raymond James as an independent contractor and operated under the name Furlong Financial Group, PLLC. Furlong is not an employee, agent, or representative of Raymond James; rather, operates as an

independent financial advisor who clears trades and maintains client accounts through Raymond James. See **Furlong Affidavit**.

23.    While at Raymond James, Furlong founded, and was the branch manager of, Furlong Financial Group, PLLC until 2023.

**The TENZING Rebrand**

24.    On or around October 2022, Furlong began negotiations with Defendant Phos to undertake a full branding and marketing rebrand for his financial advisor practice. See **Furlong Affidavit**.

25.    On or around January 3, 2023, Furlong entered into a contract (the "Agreement") with Defendant Phos for the creation of a comprehensive branding and marketing guide to rename and design his company. See **Exhibit A**.

26.    Furlong sought a company rebrand to cultivate a team environment, have a brand that reflects his values and attract younger talent to work there. See **Furlong Affidavit**.

27.    Throughout the process, Furlong met with several employees at Phos, including Brandon West, Corey LaRosa, Elliot Shuey, and Duncan Way, regarding the rebranding process. See **Furlong Affidavit**.

28.    On information and belief, Furlong met with Duncan four (4) times via zoom. Duncan would present logos, brand design concepts, and the brand style guide for the Agreement. See **Furlong Affidavit**.

29.     On information and belief, Duncan was responsible for the creative design aspects of the rebrand and would present the designs to Furlong. A team of Phos employees worked under Duncan's direction and control. See **Furlong Affidavit**.

30.     The Agreement included three deliverables: 1) Name Identification and Selection, 2) a Brand Plan, and 3) Logo Design and Brand Package. Each of the deliverables were accounted for and paid for individually (collectively the "Tenzing Material"). See **Exhibit A**.

31.     For the first deliverable, Defendant Phos charged Tenzing five thousand dollars ($5,000) for the Name Identification.

32.     For the second deliverable, Defendant Phos charged Tenzing eight thousand dollars ($8,000). This deliverable included a Strategic Plan, a Verbal and Visual Identity, and Marketing Strategy.

33.     For the third deliverable, Defendant Phos charged Tenzing eight thousand dollars ($8,000). This deliverable included both collateral (Business Cards) and a Social Media Rebranding Package.

34.     Page 22 of the Agreement contains an Intellectual Property clause. The clause states:

> PHOS agrees to transfer and assign, and hereby transfers and assigns, to the Client and its designees, without further compensation, the entire right, title and interest throughout the world in and to: (a) all Technical

Information first produced by PHOS in the performance of this Agreement; (b) all Intellectual Property resulting from PHOS' activities under this Agreement; (c) all Intellectual Property relating to any Deliverables under this Agreement; and (d) creations and inventions that are otherwise made through the use of the Client's or its affiliates' equipment, supplies, facilities, materials and/or Proprietary Information. All such Technical Information and Intellectual Property that are protectable by copyright will be considered work(s) made by PHOS for hire for the Client (as "works made for hire" is defined in the United States Copyright Act, 17 U.S.C. § 101) and will belong exclusively to the Client. See **Exhibit A.**

35.    The final deliverables were sent to Tenzing in April 2023.

36.    On March 14, 2023, Furlong filed the Articles of Incorporation under the business new name, Tenzing Financial Advisors LLC, on the Florida Secretary of State (SunBiz), and began operating business as Tenzing Financial Advisors. See **Exhibit B**.

37.    Tenzing's new rebranded website went live in 2023 and contained a copyright notice.

38.    To protect its substantial investment in their intellectual property, Tenzing applied with the U.S. Copyright Office for their logo designs, Case No. 1-15017389471(the "'471 Work") and their full branding and marketing guide Case No. 1-15017871191 (the "'191 Work") (each a "Work" and collectively, the "Works"). See **Exhibit C**, **D**.

39.    The Works were filed with the U.S. Copyright Office on October 13, 2025. **Id**.

40.    The '191 Work was filed with special handling to expedite the application process, in anticipation of this litigation.

41.    Due to the current government shutdown, the Copyright Office is not processing applications, thus, the Works have not progressed to registration.

42.    Plaintiff filed applications for two trademarks with the United States Patent and Trademark Office ("USPTO") for the wordmark TENZING US. Ser. No. 99434412 and logo design 99439854. See **Exhibit E, F.**

**Defendants' Breach and Infringement**

43.    On information and belief, on or about September 2025, Furlong was conducting internet search engine optimization (SEO) research of his business name, Tenzing Financial Advisors, to see where the website appeared in the Google search results landing page. See **Furlong Affidavit**.

44.    When conducting SEO research, Furlong found Defendant Duncan's website on the first page of the Google search results. See **Furlong Affidavit**.

45.    After Furlong discovered such, when conducting a search for Defendant Duncan's business, "Duncan Way Designs," the Tenzing Material appeared as a thumbnail next to Duncan's website link. See **Exhibit G**.

46.    When Furlong clicked Defendant's website, Furlong discovered that Defendant Duncan published all the Tenzing Material on his website, including

additional commentary describing how he created the Tenzing Materials, and the "why" behind the Tenzing name and the development process. See **Exhibit H**.

47.    On information and belief, Duncan publicized private information regarding conversations between Furlong and Duncan regarding the brand development process of picking the brand name and designing and developing the brand logo and narrative. See **Furlong Affidavit**.

48.    Duncan's website stated:

The name derives from Tenzing Norgay - the sherpa who helped Edmund Hilary climb Everest and was inspired by Jerry describing how he tries to carry the load for his clients.

Once we had the name we needed a strong brand identity that was professional but still approachable, that showed strength, inspired trust, and gave a nod to the meaning behind the name. I presented three mood boards that ran a spectrum of these brand attributes and some different logo stylings in order to fully understand where Jerry wanted his brand to end up.

After mood boarding I explored logo concepts and presented four back to Jerry and the team. I explored mountain and letter based iconography mixed with professional, bold, yet approachable fonts. In the end we landed on an icon that is built from letter T's, layered in such a way to create an abstract mountain silhouette. The brand features a bold and fun orange to offset the professional deep blue. See **Exhibit H**.

49.    Not only did Defendant Duncan explain the naming and marketing process, Duncan also posted visuals of the mood boards and logo iterations created

for Tenzing with the development of the rebrand and were included in the Tenzing

Materials. (see below and attached as **Exhibit H**).







50.     In addition to the publication of the Tenzing Material, Duncan used

Furlong's name and likeness on his website. See **Exhibit H**.

51.     Duncan's website, stated:

Jerry, the owner of Tenzing Financial Advisors, originally did not have a name or brand - he simply had a mission to help his clients overcome the perceived hurdles of planning their financial future.

After meeting with Jerry and getting a full understanding of who he was and what he wanted his brand to achieve I bought the name Tenzing to Jerry and my team (Creative Director and Marketing Specialist)….

The name derives from Tenzing Norgay - the sherpa who helped Edmund Hilary climb Everest and was inspired by Jerry describing how he tries to carry the load for his clients. **Id**.

52.    The Agreement does not contain a release, consent, waiver, or any permission for Defendants to use any of the Tenzing Material to promote their own company. See **Exhibit A**.

53.    On information and belief, Furlong did not give consent to Defendant Phos or Duncan, independent of the Agreement, to use the Tenzing Material for Defendant's own commercial gain. See **Furlong Affidavit**.

54.    On information and belief, Defendant Duncan used Furlong's name and business story without consent to directly promote his own branding services. Specifically, Duncan featured Jerry's identity and project narrative on his website to advertise his design capabilities and directed consumers to view the logo types, mood boards, and brand guidelines he created for Jerry in order to attract potential clients and generate business.

55.    Disregarding Tenzing's substantial investment and rights in the Works, and the terms of the Agreement, Defendants intentionally and knowingly published the Tenzing Material online. **Exhibit H**.

56.    On information and belief, Defendant made public on Duncan's website all of the Tenzing Material, including proprietary material since at least as early as September 30th, 2024, without the consent of Tenzing and/or Furlong. **Exhibit I**.

57.    On information and belief, the Tenzing Materials were published online for a substantial period of time while Duncan was employed at Phos.

58.    Duncan had access to the Tenzing Materials because Duncan was commissioned by Tenzing to make the Tenzing Materials.

59.    Above the Tenzing Material posted on Duncan's website, Duncan stated:

> I created several logotypes to cover a range of uses and contexts and packaged them with an extensive brand guidelines. You can see the mood boards, logo concepts, final logos, and some of the brand guidelines below. (See Paragraph 47; **Exhibit H**).

60.    Duncan's website features an easily accessible contact page that allows consumers to contact Duncan and inquire about his services.

61.    On information and belief, Phos knew that the Tenzing Materials were published on Defendants website.

14

62.    On information and belief, Defendants knew that some consumers would see Duncan's work for Tenzing, which in turn, would unfairly allow other business to copy Tenzing's brand name, narrative, and marketing scheme, and exploit Tenzing's brand guide for their own commercial value.

63.    On information and belief, Defendants knew that Duncan's promotion incorporating the Tenzing Material was appealing and effective marketing, and that by deliberating promoting the Tenzing Materials, Defendants would generate more recognition and sales because of such.

**Plaintiffs' Enforcement**

64.    On October 23, 2025, Tenzing sent Defendant Phos a cease-and-desist letter stating breach of contract, and to immediately and permanently remove the Tenzing Material from Duncan's website and cease and desist from any further infringement of any of Tenzing's intellectual property rights, and to reimburse Tenzing for the full contract amount.  A copy of that letter is attached as **Exhibit J**.

65.    Defendant never formally responded to the letter. Instead, Defendant simply emailed apologized stating "I'm sorry that this happened" and removed the content from Duncan's website. See **Exhibit K**.

66.    A verbal apology does not repair the harm sustained by Tenzing.

**Damages Sustained by Third Party**

67.    As a result of Defendant's breach, Tenzing has become aware of at least one other company, also in the business of financial services, that uses an identical name, Tenzing, and a nearly identical logo and brand narrative. See **Exhibit N**.

68.    Plaintiff became aware of the third party's use when conducting the SEO research alleged in Paragraph 39. See **Furlong Affidavit**.

69.    The infringing third party is Tenzing Financial LLC, (hereafter Tenzing VA) located in Williamsburg, Virginia.

70.    On information and belief, Tenzing VA also offers nearly identical services including personalized financial planning and investment management services to individuals, families, business owners, retirees, and nonprofit organizations. Tenzing VA helps clients develop and execute long-term financial strategies, including portfolio management, retirement and longevity planning, estate and charitable giving, and trust and corporate retirement-plan consulting.

71.    Concurrent with the October 23 cease and desist letter Tenzing sent to Defendant Phos, Tenzing also sent a cease-and-desist letter to Tenzing VA asserting, among other claims, trademark infringement.

72.    On information and belief, Tenzing VA was founded after Defendant's publication of the Tenzing Materials. See **Exhibit L**.

73.    On information and belief, Tenzing VA utilized Tenzing's materials to develop their own brand.

74.     As a result of Defendant's willful conduct, Tenzing has had to expend significant time and resources to protect and enforce their Intellectual Property right against Tenzing VA.

75.     As a result of the Defendants' conduct, Defendants have created consumer confusion in the marketplace and harmed and diluted Tenzing's goodwill with its clients and current or future business partners.

76.     At least one of Tenzing's clients have written Plaintiff and expressed confusion between Plaintiff and Tenzing VA. See **Exhibit M**.

77.     Defendants' conduct has significantly devalued Tenzing's investment in the contract.

78.     Defendants have caused injury to the reputation and consumer goodwill that Tenzing and Furlong have cultivated and invested in the Works, the Tenzing Materials, the Tenzing marketing campaign and the Tenzing services.

79.     Accordingly, Defendants have irreparably harmed Plaintiffs' business, reputation, and consumer goodwill.

## VI. CAUSES OF ACTION

## Claim 1. Breach of Contract Florida Common Law

80.     Plaintiffs repeat and reallege paragraphs 1 through 78 hereof, as if fully set forth herein.

81.    At all material times, Plaintiff performed their duties under the Agreement, which is a binding, valid, and enforceable contract under Florida law.

82.    Plaintiff's claims arise from the incident that occurred at least as early as September 2024, when Defendant published the Tenzing Materials online. None of the terms, provisions, conditions, or exclusions in the Agreement give consent to Defendant to publish the Tenzing Materials.

83.    Defendant, through the acts of its agents, representatives, and/or employees, failed to perform its duties and/or obligations under the Agreement and thus breached the contract by its acts alleged herein.

84.    As a direct, proximate, and natural result of the Defendant's breach(es), Plaintiff has suffered foreseeable damages. Plaintiff has been deprived of its exclusive rights in and to the intellectual property created during the Agreement.

85.    Further, due to Defendant's breach, Plaintiff has expended significant time and resources to protect thier intellectual property interests against others.

## Claim 2. Copyright Infringement 17 U.S.C. § 101

### (Tenzing Materials)

86.    Plaintiffs repeat and reallege paragraphs 1 through 85 hereof, as if fully set forth herein.

87.    Tenzing is the exclusive owner of the Tenzing Materials, including all associated works.

88.    The Agreement explicitly provides Tenzing with copyrights in four areas:

      (a) all Technical Information first produced by PHOS in the performance of this Agreement;

      (b) all Intellectual Property resulting from PHOS' activities under this Agreement;

      (c) all Intellectual Property relating to any Deliverables under this Agreement; and

      (d) creations and inventions that are otherwise made through the use of the Client's or its affiliates' equipment, supplies, facilities, materials and/or Proprietary Information. See **Exhibit A**.

89.    As the exclusive owner of the Tenzing Materials, Tenzing possesses the exclusive rights to reproduce, distribute, and prepare derivative works based on the associated IP in the United States.

90.    Defendant has directly reproduced and distributed the Tenzing Materials, for promotion for their services.

91.    Defendant has directly reproduced and distributed Intellectual Property related to the deliverables in breach of the Agreement.

92.    Defendant has directly reproduced and distributed Intellectual Property, including but not limited to, the mood boards created for Tenzing, as part of the development of the Tenzing rebrand. These mood boards are part of Tenzing's Intellectual Property under the Agreement.

19

93.     Defendant has directly reproduced and distributed Intellectual Property, such as Proprietary Information contained in the conversations between Furlong and Duncan, under the Agreement.

94.     Defendant Phos is vicariously liable for Duncan's conduct. See *Joe Hand Promotions, Inc. v. Hart*, No. 9:11-cv-80971 (S.D. Fla. Apr 16, 2012) ("[T]he well-established standard for establishing vicarious liability in cases involving violations of the Copyright Act is whether an individual had the right and ability to supervise the wrongful conduct and had a direct financial interest.")

95.     On information and belief, Defendant Phos had both the right and ability to supervise Duncan's conduct and derived a direct financial benefit from the creation of the Work.

96.     On information and belief, Duncan created the Work in the course of his employment with Defendant, using Defendants resources, and under Defendant's team's direction and control.

97.     On information and belief, Defendants' infringement of this material was knowing, willful, deliberate and with the intent for the Defendant to profit from that infringement.

## Claim 3. Copyright Infringement 17 U.S.C. § 101

### (Copyright Case No. 1-15017389471)

98.     Plaintiffs repeat and reallege paragraphs 1 through 97 hereof, as if fully set forth herein.

99.     Tenzing is the exclusive owner of the Tenzing Materials, specifically, the '471 Work.

100.    As the exclusive owner of the Work, Tenzing possesses the exclusive rights to reproduce, distribute, and prepare derivative works based on the Work in the United States.

101.    Defendant has directly reproduced and distributed the Tenzing Materials, including the Work for promotion for their services.

102.    Defendant Phos is vicariously liable for Duncan's conduct. See *Joe Hand Promotions, Inc. v. Hart*, No. 9:11-cv-80971 (S.D. Fla. Apr 16, 2012) ("[T]he well-established standard for establishing vicarious liability in cases involving violations of the Copyright Act is whether an individual had the right and ability to supervise the wrongful conduct and had a direct financial interest.")

103.    On information and belief, Defendant Phos had both the right and ability to supervise Duncan's conduct and derived a direct financial benefit from the creation of the Work.

104.    On information and belief, Duncan created the Work in the course of his employment with Defendant, using Defendants resources, and under Defendant's team's direction and control.

105.    During this time Ducan held himself out to be a full-time employee at Phos. **Exhibit A.**

106.    On information and belief, Defendants' infringement of the Work was knowing, willful, deliberate and with the intent for the Defendant to profit from that infringement.

## Claim 4. Copyright Infringement 17 U.S.C. § 101

## (Copyright Case No. 1-15017871191)

107.    Plaintiffs repeat and reallege paragraphs 1 through 106 hereof, as if fully set forth herein.

108.    Tenzing is the exclusive owner of the Tenzing Materials, specifically, the '191 Work.

109.    As the exclusive owner of rights in the Work, Tenzing possesses the exclusive rights to reproduce, distribute, and prepare derivative works based on the Work in the United States.

110.    Defendant has directly reproduced and distributed the Work for promotion for their services.

111.    Defendant Phos is vicariously liable for Duncan's conduct. See *Joe Hand Promotions, Inc. v. Hart*, No. 9:11-cv-80971 (S.D. Fla. Apr 16, 2012) ("[T]he well-established standard for establishing vicarious liability in cases involving

violations of the Copyright Act is whether an individual had the right and ability to supervise the wrongful conduct and had a direct financial interest.")

112.    On information and belief, Defendant had both the right and ability to supervise Duncan's conduct and derived a direct financial benefit from the creation of the Work.

113.    On information and belief, Duncan created the Work in the course of his employment with Defendant, using Defendants resources, and under Defendant's team's direction and control.

114.    During this time Ducan held himself out to be a full-time employee at Phos. **Exhibit A.**

115.    On information and belief, Defendants' infringement of the Work was knowing, willful, deliberate and with the intent for the Defendant to profit from that infringement.

### Claim 5. Unauthorized Publication of Name or Likeness Under F.S. §540.08

116.    Plaintiffs repeat and reallege paragraphs 1 through 115 hereof, as if fully set forth herein.

117.    Defendant used Furlong's name and business development story for the purpose of trade, and commercial and advertising purposes by publishing it on Duncan's personal website.

118.   Defendant used private information contained in the conversations between Furlong and Duncan regarding the development of the Tenzing Materials.

119.   Defendant is aware they did not have consent to use Plaintiff's name.

120.   Accordingly, Defendants violated F.S. §540.08 by knowingly and intentionally, using Plaintiff's name and business narrative without his consent for their own commercial gain to promote their own services. As a direct and proximate result of Defendants' actions, Plaintiffs have been injured substantially and irreparably.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

A. Entry of judgment for Plaintiffs on each of its claims;

B. An order and judgment permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from unauthorized use, display, distribution, copying, and imitation of the Tenzing Materials;

C. Awarding actual, compensatory, special, consequential, and/or statutory damages sustained by Plaintiffs as a result of Defendants' infringement and misconduct;

D. Awarding of general damages for injury to reputation and goodwill Plaintiffs have sustained as a result of Defendants' infringement and misconduct;

E. Awarding Plaintiffs special damages, including all fees, expenses, and costs associated with enforcement of their Intellectual Property rights against third parties as a result of Defendant's conduct;

F. Declaring this case as exceptional, and awarding Plaintiffs its reasonable attorneys' fees under 17 U.S.C. § 512(f);

G. Awarding such other and further equitable, legal, or additional relief as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

DATED this 7th day of January, 2025.

Respectfully submitted,

STUDIOIP LAW, LLC

By:   /s/  Jessie L. Pellant

**Jessie L. Pellant** (motion for
admission *pro hac vice* forthcoming
Colorado Attorney Reg. No. 42096
jpellant@studioiplaw.com
**Vincent Merenda** (motion for
admission *pro hac vice* forthcoming)
Colorado Attorney Reg. No. 60774
vmerenda@studioiplaw.com
**Tatum Barton**
Florida Attorney Reg. No. 1058793
tbarton@studioiplaw.com

3000 Lawrence Street
Denver, CO 80205
Telephone: (303) 563-5360

*Attorneys for Plaintiffs*
Tenzing Financial Advisors, PLLC
and Jerry L. Furlong Junior