**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**TENZING FINANCIAL ADVISORS, PLLC** and **JERRY L. FURLONG JUNIOR,**

　　*Plaintiffs,*

v.

**PHOS CREATIVE, LLC** and **DUNCAN WAY,**

　　*Defendants.*

Index No.: 1:26-cv-00006-MW-MJF

**MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF DEFENDANT DUNCAN WAY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to Local Rule 7.1(I), Defendant Duncan Way ("Way"), by and through his undersigned counsel, respectfully moves this Court for leave to file a reply memorandum in support of Defendant Duncan Way's Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss") and states:

1.　　Pursuant to this Court's Order on March 25, 2026 [ECF No. 23], Way filed the Motion to Dismiss on April 27, 2026 [ECF No. 28].

2.　　Plaintiffs filed their Memorandum in Opposition re Motion to Dismiss for Failure to State a Claim on May 11, 2026 (the "Opposition Memorandum") [ECF No. 31].

3.    Way requests this leave to reply to directly respond to the arguments raised by Plaintiffs in their Opposition Memorandum:

a.    Plaintiffs' Opposition Memorandum introduces new theories of law regarding Way's personal liability for the alleged breach of contract between Plaintiffs and PHOS Creative, LLC ("PHOS"), Way's former employer. Specifically, Plaintiffs argue for the first time in their Opposition Memorandum that Way may be personally liable if PHOS disclaims responsibility for his conduct as outside the scope of his employment, a factual scenario that does not appear anywhere in Plaintiffs' First Amended Complaint [ECF No. 21]. Because a motion to dismiss tests the sufficiency of the operative complaint, and not opposition memorandums, Way should be permitted to respond to these newly-raised legal arguments and factual theories which were not in the First Amended Complaint.

b.    Plaintiffs embed their request for leave to amend the First Amended Complaint in the last two pages of the Opposition Memorandum. Opposition Memorandum, 33-34. Without a separate motion, proposed amended complaint, or even particularity as to the substance of the amendments proposed, Plaintiffs' request does not comply with Fed. R. Civ. P. 7(b) and is ineffective under *Avena v.*

*Imperial Salon & Spa, Inc.*, 740 Fed.Appx. 679, 683 (11th Cir. 2018), and *Newton v. Duke Energy Florida, LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018).

c.  In addition, Plaintiffs' suggestion that Way filed the Motion to Dismiss prematurely is a mischaracterization of the timeline.

  i.  After the Local Rule 7.1(C) conference, Plaintiffs indicated only that they intended to cure unspecified "facial deficiency issues." On Friday, April 24, 2026, at 5:22pm, Plaintiffs noted that they were "in the process of reviewing the complaint this weekend" and provided a preliminary list of facial deficiencies to be addressed. Xie Decl., Ex. A.

  ii.  Over the weekend, counsels for Defendants made multiple written requests regarding the proposed amendments and noting the deadline on Monday. *See id.* Plaintiffs did not respond. *See id.*; *see also* Phos's Motion for Extension of Time to Respond to First Amended Complaint ¶11 [ECF No. 29].

  iii.  Because Way previously stated to this Court that he did not anticipate seeking any further extensions, *see* Way's Motion to Extend Time to Respond to First Amended Complaint ¶4 [ECF No. 22], and because Plaintiffs had not provided any substantive

detail about their proposed amendments despite multiple requests to do so, Way had no choice but to file the Motion to Dismiss on April 27, 2026, in accordance with this Court's deadlines and consistent with his prior representations to the Court. On May 5, 2026—more than a week after Defendants' deadline to respond to the First Amended Complaint—Plaintiffs provided an updated list of the facial deficiencies they anticipated addressing in the Second Amended Complaint. *See* Xie Decl., Ex. B.

d. Finally, Plaintiffs claim that they could not locate Way's characterization from *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06-cv-223, 2007 WL 9734142, at *9-10 (M.D. Fla. May 17, 2007) that "some courts in this circuit have held that a timely and non-prejudicial amended complaint may cure a pre-registration filing defect." *See* Opposition Memorandum, 18 n.5. The supporting language is present in the cited opinion:

i. "On appeal, the court stated that 'the filing of a new lawsuit would ordinarily have been the proper way for [the plaintiff] to proceed once it received the registration certificate' since the district court technically lacked jurisdiction to grant the motion

to amend the complaint. Contrary to Defendants' contention, however, the court determined that the filing of an amended complaint rather than a new complaint was a mere technicality that should not preclude a decision on the merits of the plaintiff's claims." *St. Luke's*, 2007 WL 9734142, at *9.

ii. "Other courts have also concluded that a curable technical defect, albeit a jurisdictional defect, in an original pleading should not preclude a plaintiff from having the case decided on the merits. See, e.g. Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 365-66 (5th Cir. 2004)." *Id.* at *10.

4.    Way's proposed reply will be concise and limited to responding to new legal arguments introduced in Plaintiffs' Opposition Memorandum and clarifying the above factual issues so that this Court can be fully informed of the legal grounds and facts sufficient to determine the Motion to Dismiss.

**WHEREFORE**, Defendant Duncan Way respectfully requests that, for the foregoing reasons, this Court enter an order: (1) granting this Motion for leave to file a reply memorandum in support of Way's Motion to Dismiss; and (2) awarding any further relief that this Court deems just and proper.

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Local Rule 7.1(B)-(C), the undersigned counsel certifies that counsel conferred with Plaintiffs' counsel on May 13, 2026, regarding the relief requested. Plaintiffs do not consent.

Dated: May 13, 2026

Respectfully submitted,

**STUDIO LEGAL LLP**

By:     /s/ Cecillia X. Xie

Cecillia X. Xie (*admitted pro hac vice*)
New York Bar No. 5497573
447 Broadway 2nd FL #388
New York, NY 10013
(347) 620-6423
cece@studiolegal.xyz

*Attorney for Defendant Duncan Way*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2026, the foregoing document was

electronically filed and served via the CM/ECF system to all counsel of record.

*/s/ Cecillia X. Xie*
CECILLIA X. XIE