**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **TENZING FINANCIAL ADVISORS, PLLC and JERRY L. FURLONG, JR.,** | |
| **Plaintiffs,** | **Case No.: 1:26-cv-00006-MW-MJF** |
| **v.** | |
| **PHOS CREATIVE, LLC and DUNCAN WAY,** | |
| **Defendants.** | |

## DEFENDANT PHOS CREATIVE, LLC'S MOTION TO DISMISS ALL COUNTS OF PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Phos Creative, LLC ("Phos"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Plaintiffs Tenzing Financial Advisors, PLLC's ("Tenzing Financial's") and Jerry L. Furlong, Jr.'s (collectively, "Plaintiffs") First Amended Complaint ("FAC") in its entirety as against Phos. As grounds therefore, Phos states:

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................1

II.   LEGAL STANDARDS ......................................................................4

III.  ARGUMENT.....................................................................................4

    A.    Claim 1 for Breach of Contract Should be Dismissed .........................4

        1.    The FAC Cannot Establish Standing for Breach of Contract: Neither Plaintiff Was a Party to the Phos Agreement ................................................................5

        2.    The FAC Fails to Allege that Phos Has Breached Any Provision of the Phos Agreement and That Agreement Was Effectively Terminated Upon Completion of Performance ................................................................6

        3.    The Phos Agreement Contains No Confidentiality or Non-Disclosure Obligation .........................................8

        4.    The Alleged Breach is Entirely Outside the Scope of the Alleged Contract ...................................................10

    B.    Claim 2 for Copyright Infringement Should Be Dismissed Because it Fails to Allege a Registered Copyright ...........................11

    C.    Claims 2 and 3 for Vicarious Copyright Infringement Should be Dismissed ...........................................................................12

        1.    The FAC Does Not Plead a Direct Financial Interest in the Alleged Infringement ................................................12

        2.    Tenzing Fails to Plead Phos Had Any Right or Control Over Way's Alleged Infringement...........................14

    D.    Claim 4 for Unauthorized Use of Name/Likeness Under F.S. § 540.08 Should Be Dismissed as to Phos ...........................17

        1.    Phos Did Not Use Anyone's Name or Likeness.......................17

        2.    The Outside-Scope Premise Forecloses Vicarious Liability as a Vehicle .................................................18

i

E.     Tenzing's Requests for Statutory Damages and Attorneys' Fees Should Be Dismissed and/or Stricken ................................................. 18

F.     Even if Any Portion of the FAC Survives Dismissal, Prayer for Relief ¶E Should Be Dismissed and/or Stricken ................................ 19

    1.     Phos Did Not Commit a "Wrong" to which the Wrongful Act Doctrine Can Attach ......................................................... 21

    2.     Neither But-For nor Proximate Causation Can Be Established ................................................................................ 21

        a.     Multiple Independent Intervening Acts Break the Causal Chain ................................................................. 22

        b.     "Tenzing" Is a Historical Public Name .......................... 26

    3.     The State Law Wrongful Act Doctrine Is Preempted by the Copyright Act ........................................................................ 27

    4.     The Wrongful Act Doctrine Pleadings Are Not Ripe: Any Fees Incurred Remain Speculative ........................................... 28

IV.    CONCLUSION ....................................................................................... 33

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................... 3, 4, 5, 8, 12, 27

*Auto-Owners Ins. Co. v. Hooks*,
  463 So. 2d 468 (Fla. 1st DCA 1985)....................................................29

*Azalea Trace, Inc. v. Matos*,
  249 So. 3d 699 (Fla. 1st DCA 2018)....................................................20

*Banks v. Sec., Dept. of Health & Human Servs.*,
  38 F.4th 86 (11th Cir. 2022).................................................................31

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................ 3, 4, 5, 12, 13, 17, 23, 24, 27

*Burger King Corp. v. Weaver*,
  169 F.3d 1310 (11th Cir. 1999).............................................................9

*Burke v. Glaus*,
  No. 5:03-cv-182, 2004 WL 7336830 (N.D. Fla. Dec. 10, 2004) ..........................6

*Buschman v. Clark*,
  583 So. 2d 799 (Fla. Dist. Ct. App. 1991)...........................................20

*Canon Latin Am., Inc. v. Lantech (C.R.) S.A.*,
  No. 08-21518-CIV, 2011 WL 240684, at *16 (S.D. Fla. Jan. 24, 2011).............22

*CC-Aventura, Inc. v. Weitz Co.*,
  No. 06-21598-CIV, 2008 WL 5143248 (S.D. Fla. Dec. 5, 2008)......................30

*City of Tallahassee v. Blankenship & Lee*,
  736 So. 2d 29 (Fla. 1st DCA 1999).....................................................30

*DDB Techs., LLC v. MLB Advanced Media, L.P.*,
  517 F.3d 1284 (Fed. Cir. 2008) .............................................................7

*Erickson Prods., Inc. v. Kast*,
  921 F.3d 822 (9th Cir. 2019) ...................................................................13

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
  586 U.S. 296 (2019) ...............................................................................11

*Frank Silvestri v. Hilltop Developers*,
  418 So. 2d 1201 n.1 (Fla. Dist. Ct. App. 1982).....................................21

*Gasparini v. Pordomingo*,
  972 So.2d 1053 (Fla. Dist. Ct. App. 2008)..............................................5

*Hardwick Props. v. Newbern*,
  711 So. 2d 35 (Fla. Dist. Ct. App. 1998)................................. 20, 22, 25

*Ibarra v. Ross Dress for Less, Inc.*,
  350 So.3d 465 (Fla. 3d DCA 2022).......................................................16

*Ins. Concepts & Design*,
  785 So. 2d at 1234 .................................................................................10

*Klein & Heuchan, Inc. v. Costar Realty Information, Inc.*,
  707 F. Supp. 2d 1287 (M.D. Fla. 2010) ..................... 12, 13, 14, 15, 16

*Medmarc Cas. Ins. Co. v. Fellows Labriola LLP*,
  No. 25-10837, 2025 WL 2886733 (11th Cir. 2025)....................... 30, 32

*MV Senior Mgmt., LLC v. Redus Fla. Hous., LLC*,
  319 So. 3d 66 (Fla. Dist. Ct. App. 2020)....................................... 20, 21

*Pelletier v. Zweifel*,
  921 F.2d 1465 (11th Cir. 1991).............................................................24

*Perfect 10, Inc. v. Visa Int'l Sev. Ass'n*,
  494 F.3d 788 (9th Cir. 2007).................................................................15

*Pierce v. State Farm Mut. Auto. Ins. Co.*,
  No. 14-22691-CIV, 2014 WL 7671718 (S.D. Fla. Dec. 17, 2014).........8

*Pine Forest Assembly of God Church Inc. v. Church Mut. Ins. Co. SI*,
  No. 3:22-cv-6472, 2022 WL 22638970, at *1 ......................... 6, 8, 10

*State Farm Fire & Cas. Co. v. Palma*,
  629 So. 2d 830 (Fla. 1993) .................................................................................20

*Tarnoff v. iSolved, Inc.*,
  No. 6:25-cv-00955, 2025 WL 2432529 (M.D. Fla. Aug. 23, 2025)....................23

*Tenzing Fin. Advisors, PLLC v. Tenzing Fin., LLC*,
  No. 4:26-cv-00044 (E.D. Va. May 4, 2026) .......................................................25

*Trump v. New York*,
  592 U.S. 125 (2020) ...........................................................................................29

## STATUTES

17 U.S.C. § 301 ...................................................................................................28

17 U.S.C. § 411(a) ........................................................................................ 11, 12

17 U.S.C. § 412 ....................................................................................... 2, 19, 28, 33

17 U.S.C. § 412(2) ..............................................................................................28

17 U.S.C. § 504(b) ..............................................................................................19

17 U.S.C. § 505 ...................................................................................................28

Florida Statute § 540.08 ................................................................................. 17, 18

## I.   INTRODUCTION

A day before Phos's previous April 27, 2026 deadline to respond to the First Amended Complaint (ECF 21 "FAC"), Plaintiffs informed Phos that they intended to seek leave to file a Second Amended Complaint ("SAC") to address the numerous facial deficiencies in the FAC that Defendants had identified. *See* ECF 29, ¶¶4-9. In the hope of avoiding redundant motion practice, Phos moved for an extension so that it could respond to the SAC once filed. *Id.* at ¶10. Despite multiple promises to do so, and repeated acknowledgements of glaring deficiencies in the FAC, Plaintiffs have delayed the filing of the SAC for nearly three weeks, during which time this Court ordered Phos to respond to the FAC by May 19, 2026. *See* ECF 29-1, at 11; ECF 35-1, at 14; and ECF 32. Accordingly, Phos now files the present motion to dismiss the FAC pursuant to the Court's May 12, 2026 order.

This case is not ripe and the claims against Phos are implausible. The alleged harm has already ceased: the materials at issue were removed from Mr. Way's website months before this case was filed. Plaintiffs' real dispute is the alleged trademark and copyright infringement by Tenzing Financial, LLC of Williamsburg, Virginia ("Tenzing VA"), a non-party, and Plaintiffs' Prayer for Relief ¶E, which seeks to recover as "special damages" the attorneys' fees, expenses, and costs of that Virginia litigation from Defendants under Florida's wrongful act doctrine. To support this speculative theory, Plaintiffs rely on two paragraphs pleaded "[o]n

1

information and belief." FAC ¶71-72. The first, alleging that "Tenzing VA was founded after [Plaintiff] Tenzing's founding," is directly contradicted *by evidence Plaintiffs provided in their original complaint*. FAC ¶71. The second, that "Tenzing VA utilized Tenzing's materials" posted to Mr. Way's website "to develop their own brand," is a case dispositive and necessary component of Plaintiff's special damages claim that Plaintiffs have been unable to substantiate despite months of contact with Tenzing VA. FAC ¶70, 72. Plaintiffs filed their case against Tenzing VA on March 24, 2026, where a motion to dismiss lies pending.

Plaintiffs filed their original Complaint in this matter on January 7, 2026. ECF 1. Before any Defendant filed a motion or answer, Plaintiffs filed the FAC on March 12, 2026, addressing some, but not all, threshold deficiencies, including a copyright infringement claim under the Copyright Act filed before any copyright registration existed. The FAC retains many material deficiencies, including: a failure to plead standing to assert a claim under the Phos Agreement; again asserting unregistered copyright under the Copyright Act; failing to adequately plead both an alleged financial benefit and control required for vicarious copyright liability; failing to plead that Phos utilized Mr. Furlong's likeness; and seeking statutory damages under the Copyright Act when 17 U.S.C. § 412 precludes it.[1]

---

[1] Notably, Plaintiffs conceded the majority of these facial deficiencies but failed to file a corrected pleading for nearly three weeks. *See* ECF 35-1, at 14.

2

Plaintiffs' liability theory against Phos rests entirely on the premise that Mr. Way acted within the scope of his employment. The FAC forecloses that premise on its face: the materials appeared on a personal website operated under Mr. Way's own name and brand (duncanwaydesign.com), FAC ¶¶43–45 (the "Tenzing Materials" appearing as Ex. G to the FAC), and Phos's alleged knowledge of the publication is pleaded only "on information and belief" with no supporting facts. FAC ¶60.

While Phos holds no ill will towards Mr. Way, it cannot be held liable for his independent actions that resulted in the filing of this case. Mr. Way's posting confidential client materials to his personal portfolio website, without Phos's knowledge, authorization, or direction, fell unequivocally outside of the scope of his employment. While designers maintaining personal portfolios is common practice in the industry, Mr. Way's decision to include confidential client materials in his was his own, and Phos's employment agreement explicitly prohibited the removal, publication, or use of confidential client information. The Tenzing Materials fell squarely within that prohibition.

The FAC falls far below the plausibility pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Likewise, the FAC is facially deficient with respect to the special damages sought by Prayer for Relief ¶E because Plaintiffs have not, and cannot, show that Tenzing VA utilized the Tenzing Materials in developing their own brand. Further, this case

3

should be dismissed as not ripe because Prayer for Relief ¶E seeks reimbursement of expenses yet to occur, which may never occur, and final resolution of this case is not possible without first concluding the Tenzing VA matter.

## II.   LEGAL STANDARDS

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's plausibility standard is not met by "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. Courts must disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. A complaint must be dismissed where "the plaintiffs [] have not nudged their claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 547.

## III.   ARGUMENT

### A.   Claim 1 for Breach of Contract Should be Dismissed

The FAC pleads no facts establishing Plaintiffs' standing to enforce the Phos Agreement. For this reason alone, Claim 1 is facially deficient and should be dismissed. Even if Plaintiffs can remedy this deficiency and establish standing in the

4

SAC, the breach of contract allegations themselves are facially implausible under *Twombly* and *Iqbal.* Accordingly, Claim 1 is facially deficient and should be dismissed for failure to state a claim.

### 1.    The FAC Cannot Establish Standing for Breach of Contract: Neither Plaintiff Was a Party to the Phos Agreement

Exhibit A to the FAC contains an engagement contract executed on January 3, 2023, and signed by "Sherri Hinkle" on behalf of "Furlong Financial Group, PLLC" (the "Phos Agreement"). FAC, Ex. A at 23. Neither signatory is a party in this case, nor have the named Plaintiffs (Tenzing Financial and Jerry Furlong Jr.) established why they may be entitled to enforce the Phos Agreement on Furlong Financial Group's behalf.[2]

Exhibit B to the FAC establishes that Tenzing Financial did not exist when the Phos Agreement was executed. The FAC further fails to allege any relationship between Tenzing Financial and Furlong Financial Group establishing Tenzing Financial acquired, or is a successor-in-interest to, Furlong Financial Group's rights. Under Florida law, a "general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them." *Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla. Dist. Ct. App. 2008) (citation omitted). "[O]nly a party to a contract may sue for a breach of contract, even though that party

---

[2] Plaintiffs have stated they will add Furlong Financial Group PLLC as a plaintiff to resolve this deficiency. ECF 29-1 at 11; ECF 35-1 at 14.

could claim injury from an alleged breach." *Burke v. Glaus*, No. 5:03-cv-182, 2004 WL 7336830, at *3 (N.D. Fla. Dec. 10, 2004), *report and recommendation adopted*, No. 5:03-cv-182, 2005 WL 8162893 (N.D. Fla. Feb. 3, 2005). The FAC is facially deficient as neither Plaintiff in this case is alleged to have been a party to the contract or to have rights to enforce the contract. Therefore, Claim 1 of the FAC should be dismissed because no Plaintiff has standing to bring a breach of contract claim.

2.     **The FAC Fails to Allege that Phos Has Breached Any Provision of the Phos Agreement and That Agreement Was Effectively Terminated Upon Completion of Performance**

The FAC does not, and cannot, allege that Phos breached any express obligation of the Phos Agreement. "In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege *which provision of the contract has been breached*." *Pine Forest Assembly of God Church Inc. v. Church Mut. Ins. Co. SI*, No. 3:22-cv-6472, 2022 WL 22638970, at *2 (N.D. Fla. June 27, 2022) (emphasis added) (quoting *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014)).

The Phos Agreement was a transaction for the creation and assignment of certain contemplated deliverables, which included the Tenzing Materials. *See* ECF 21-1, at 19. Phos's only affirmative obligations under the Agreement were to create those deliverables and to transfer ownership to Tenzing, both of which Phos did. The

6

Federal Circuit has made clear that use of the phrase "hereby transfers and assigns" operates as a *present-tense* grant of an assignment, not a continuing covenant. *See, e.g.*, *DDB Techs., LLC v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008). Plaintiffs do not (and cannot reasonably) allege that Phos breached its obligation to "hereby transfer[] and assign[]" intellectual property under the Phos Agreement, at least because Plaintiffs have already admitted that Phos fulfilled those obligations. *E.g.*, ECF 31 at 8 ("Pursuant to the Agreement, PHOS *delivered* [the Tenzing Materials]," and "PHOS *retained no rights* in the intellectual property *assigned* to Plaintiffs.") (emphasis added).

The Phos Agreement states what Plaintiffs received, but it does not independently obligate Phos to do anything other than transfer those rights. Further, the FAC does not plead that Phos challenged Tenzing's ownership of any intellectual property rights or that Phos claimed to be the owner of any of the intellectual property at issue (because it hasn't). Nor does the FAC plausibly plead breach of any other provision of the Phos Agreement. Instead, Phos's duty to assign ownership of the deliverables contemplated by the Phos Agreement was discharged immediately upon receipt of those deliverables by operation of the Phos Agreement. FAC ¶¶88-90. Accordingly, because the Phos Agreement contained no forward-looking obligations of Phos, that contract was effectively terminated once performance was completed.

To the extent Plaintiff has any complaint about Phos or Mr. Way's alleged post-assignment use of the Tenzing Materials, that complaint sounds in copyright, not contract. Unable to find any express provision of the Phos Agreement that could possibly have been breached, Plaintiffs are left alleging a breach of a lack of contract, which is not a plausible cause of action under any reading of Florida contract law.

### 3. The Phos Agreement Contains No Confidentiality or Non-Disclosure Obligation

"For purposes of a Rule 12(b)(6) motion, the Court accepts as true the factual allegations of the complaint and considers whether the facts alleged are sufficient 'to state a claim to relief that is plausible on its face.'" *Pine Forest*, 2022 WL 22638970, at *1 (quoting *Iqbal*, 556 U.S. at 678). As stated in the FAC, "[*n*]*one of the terms*, provisions, conditions, or exclusions in the Agreement give consent to Defendant to publish the Tenzing Materials." FAC ¶83 (emphasis added). The absence of a permission is not the presence of a prohibition.

Under Florida law, a breach of contract claim requires identification of the specific contractual provision that was breached. *See Pine Forest*, 2022 WL 22638970 at *2. The FAC's breach of contract theory depends on Mr. Way's having violated some implied obligation not to publish the Tenzing Materials. But the Phos Agreement's Intellectual Property clause, quoted at length in FAC ¶33, is solely an ownership transfer and work-for-hire provision, and contains no confidentiality covenant, non-disclosure obligation, or prohibition on Phos discussing or displaying

8

its work. Likewise, no other term in the Phos Agreement conveys any confidentiality or non-disclosure obligation.[3]

To the extent Plaintiffs seek to allege a breach of the implied covenant of good faith and fair dealing, this fails because "[w]here a party to a contract has in good faith performed the express terms of the contract, an action for breach of the implied covenant of good faith will not lie." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1317-18 (11th Cir. 1999). Further, "a cause of action for breach of the implied covenant cannot be maintained . . . in the absence of breach of an *express term* of the underlying contract." *Id.* (emphasis added).

Claim 1 of the FAC should therefore be dismissed because it fails to identify any express continuing duty that Phos breached. The "entire right, title and interest" in the contemplated deliverables, including the Tenzing Materials, were transferred to Plaintiff, meaning Phos fulfilled its duties and obligations under the Phos Agreement. Any alleged violation of Tenzing's rights as owner of the Tenzing Materials is a property tort, not a breach of contract. Accordingly, Claim 1 of the FAC is incurably deficient and should be dismissed with prejudice.

---

[3] In fact, the only confidentiality agreement obligation relevant to this case is the one contained in Phos's employment agreement, which is Phos's own safeguard against the publication of confidential client materials. Ex. B (West Decl.) ¶8; *see also* Ex. B1 (employment agreement) at 32.

> **4.**     **The Alleged Breach is Entirely Outside the Scope of the Alleged Contract**

As admitted by Plaintiffs, Phos completed its contractual performance in April 2023. *See* FAC ¶34; *see also* ECF 31, at 6-7. Taking Plaintiffs' allegations as true, Mr. Way allegedly posted the Tenzing Materials as early as September 30, 2024, nearly a year and a half after Phos completed its performance. Even accepting that an implied publication restriction existed (it did not), Phos cannot have breached it through conduct it neither authorized nor took. Mr. Way posting the Tenzing Materials to his personal website was a breach of the confidentiality provision of the employment agreement that he signed when he started at Phos. Ex. B (West Decl.) ¶¶8-10; *see also* Ex. B1 (employment agreement) at 32; *see also* §III.C, *infra*. The unauthorized actions of an employee do not constitute a breach by Phos under the Phos Agreement.

Accordingly, Plaintiffs failed to allege any provision that has been breached by Phos, and Claim 1 should therefore be dismissed. *See Pine Forest*, 2022 WL 22638970 at *2.

## B.   Claim 2 for Copyright Infringement Should Be Dismissed Because it Fails to Allege a Registered Copyright

Claim 2 of the FAC fails on its face to state a claim for copyright infringement under the Copyright Act and, therefore, should be dismissed.[4] "Before pursuing an infringement claim in court, . . . a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (quoting 17 U.S.C. § 411(a)). Nowhere does Claim 2 of the FAC allege or reference registration of the asserted "Tenzing Material(s)" copyright.[5] The FAC only alleges that Tenzing holds a single copyright registration, which is asserted in Claim 3. Therefore, Claim 2 alleges infringement of an unregistered copyright, a facially

---

[4] On May 5, 2026, Plaintiffs informed Defendants that they intend to withdraw Claim 2 due to "facial deficiencies." *See* ECF 35-1, at 14.

[5] Claim 2 alleges infringement of "the Tenzing Materials." FAC ¶88. The term "Tenzing Materials" appears to be defined three times in the FAC: first as the deliverables provided by Phos, including "1) Name Identification and Selection, 2) a Brand Plan, and 3) Logo Design and Brand Package" (FAC ¶29); second as the materials published on Mr. Way's website including Mr. Way's "insight describing on how [sic] he created the Tenzing Brand Guide, and the 'why' behind the Tenzing name and the development process" (FAC ¶45); and third as including all materials created under the Phos agreement, including for example, "all Technical Information first produced by PHOS in the performance of this Agreement." (FAC ¶89). All definitions include materials beyond the registered Tenzing Branding Guide. *See* FAC ¶37. Therefore, Plaintiffs are asserting unregistered copyright. On May 5, 2026, Plaintiffs stated their intention to "[r]edefine 'Tenzing Materials'" in response to these competing definitions. ECF 35-1 at 14.

11

deficient pleading and, for that reason alone, should be dismissed. 17 U.S.C. § 411(a).

### C.   Claims 2 and 3 for Vicarious Copyright Infringement Should be Dismissed

The FAC fails to state a claim for vicarious copyright infringement against Phos and, therefore, both Claims 2 and 3 should be dismissed. As acknowledged in the FAC, vicarious copyright infringement requires a plaintiff to plead "(1) 'the right and ability to supervise,' and (2) 'a direct financial interest' in the profits from the infringing activity." *Klein & Heuchan, Inc. v. Costar Realty Information, Inc.*, 707 F. Supp. 2d 1287, 1296-97 (M.D. Fla. 2010) (citation omitted); *see also* FAC ¶¶95, 103 (quoting *Joe Hand Promotions, Inc. v. Hart*, No. 9:11-cv-80971, 2012 WL 1289731 (S.D. Fla. April 16, 2012)). Failure to plead one element is sufficient to render a complaint subject to dismissal. Here, the FAC fails to allege *both* elements.

### 1.   The FAC Does Not Plead a Direct Financial Interest in the Alleged Infringement

The FAC does not plead that Phos received a direct financial benefit from Mr. Way's alleged *infringement*. Instead, the FAC pleads (on information and belief) that Phos "derived a direct financial benefit from the *creation of the Work*." *See* FAC ¶¶96, 104 (emphasis added). Not only is this precisely the type of "formulaic recitation of a cause of action's elements" against which *Iqbal*/*Twombly* warn, it

12

does not even state the correct elements of vicarious copyright infringement. *Twombly*, 550 U.S. at 545 (2007).[6]

Nowhere does the FAC allege that Phos received a financial benefit from Way's alleged *infringing* activities.[7] For vicarious copyright infringement to attach, the direct financial benefit must arise from the *infringement*. *See Klein & Heuchan*, 707 F. Supp. 2d at 1296-97; *see also Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 829 (9th Cir. 2019) (analyzing whether a defendant had a direct financial interest in the *infringing activity*). This is further supported by the case cited in the FAC. *Joe Hand Promotions*, 2012 WL 1289731, at *3 (quoting *J&J Sports Prods., Inc. v. Arboleda*, No. 6:09-cv-467, 2009 WL 3490859, at *5 (M.D. Fla. Oct. 27, 2009)) (explaining that the correct legal standard for vicarious liability analyzes whether "the individual defendant had the 'right and ability to supervise the *violations*, and that he had a strong financial interest *in such activities*.'") (emphasis added).

Even if Tenzing were to amend the FAC and plead "on information and belief" that Phos derived a benefit from Mr. Way posting the Tenzing Materials to his personal website, such an allegation is facially implausible. Phos derives no

---

[6] This issue was repeatedly raised by Phos since at least April 8, 2026. *See* ECF 29-1, at 4; *see also* ECF 35-1 (stating Plaintiffs' intention to "[c]larify the facts supporting the vicarious liability theory.").

[7] Furthermore, Mr. Way's Motion to Dismiss the FAC (ECF 28) called into question whether Plaintiffs will be able to prove *direct* infringement: a prerequisite to showing vicarious infringement liability. ECF 28; *see, e.g.*, *Klein & Heuchan*, 707 F. Supp. 2d at 1289.

13

benefit from one of its employees advertising themselves on their personal website for the purpose of obtaining another job. Notably, Mr. Way's last day of employment at Phos was March 28, 2025, before Plaintiffs allegedly discovered the Tenzing Materials (September 2025), before Plaintiffs sent their cease and desist letter (October 23, 2025), and before Plaintiffs filed this lawsuit (January 7, 2026). *See* FAC ¶¶42, 63; Ex. B, ¶12.

Because the FAC does not allege any plausible "direct financial benefit from the infringement," that Phos may have derived from Mr. Way's alleged infringement, it is facially deficient as to Claims 2 and 3 with respect to Phos, and those claims should be dismissed.

### 2. Tenzing Fails to Plead Phos Had Any Right or Control Over Way's Alleged Infringement

Even if the Court finds that the FAC makes it plausible that Phos had a direct financial interest in Mr. Way's alleged infringement, the FAC is still deficient for failing to plead that Phos had any right or control over the alleged infringement. In general, the "right and ability" prong of vicarious copyright infringement requires that the defendant "exercise control over" the direct infringer. *Klein & Heuchan*, 707 F. Supp. 2d at 1297 (quoting *Sygma Photo News, Inc. v. High Society Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985)). According to the FAC, Mr. Way is alleged to have posted the Tenzing Materials on his own *personal* website, outside the scope of Phos's supervisory control. FAC ¶¶43-45.

14

An employer has no right or ability to supervise and control what an employee posts on his personal website and on his own time. The "right and ability to supervise" prong requires the practical ability to control the specific infringing activity. *See Klein & Heuchan*, 707 F. Supp. 2d at 1297; *see also Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 805-6 (9th Cir. 2007) (the accused must have "the right and ability to *supervise* and *control* the infringement, not just affect it[.]") (emphasis in original). The Complaint admits that Mr. Way used the materials to promote "his *own* branding services." FAC ¶53 (emphasis added). By that admission, Mr. Way's activity was independent of his employment at Phos.

Further, Phos's employment agreement, which Mr. Way signed, includes a confidentiality clause prohibiting the disclosure of confidential client materials. Ex. B1 ("I understand that information I come into contact with during my employment is proprietary to PHOS and accordingly, *I agree to keep it confidential, which means I will not use it other than in the performance of my duties or disclose it to any person or entity outside PHOS*.") (emphasis added). Posting of the Tenzing Materials on Mr. Way's personal website appears to be in direct violation of this agreement and thus outside the scope of his employment.

To bridge this gap, the FAC pleads: "[o]n information and belief, Phos knew that the Tenzing Materials were published on Defendants [sic] website." FAC ¶60.

15

The FAC pleads no facts supporting this naked assertion, nor is that assertion accurate. Phos had no knowledge of the contents of Mr. Way's website. Ex. B ¶10.

A further review of Florida *respondeat superior* law confirms that no vicarious liability can be plausible based on the pleadings of the FAC. Florida law requires that: "(1) the conduct is of the kind [the employee] was employed to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." *Ibarra v. Ross Dress for Less, Inc.*, 350 So.3d 465, 467 (Fla. Dist. Ct. App. 2022) (citation omitted); *Klein & Heuchan*, 707 F. Supp. 2d at 1295-96 (explaining that vicarious liability may arise "under general agency principles of *respondeat superior*.").

Mr. Way was hired to create branding materials and deliver them to Tenzing. His decision to retain copies of those materials after the engagement concluded, create a personal portfolio entry that included portions of confidential work product, and post that content publicly on his personal website for his own career advancement satisfies none of the scope-of-employment criteria. In other words, this conduct was not that for which he was employed to perform, by the FAC's own admission it occurred outside his employment, and was expressly *not* to serve Phos.[8]

---

[8] Plaintiffs' response to Mr. Way's motion to dismiss previews an alternative theory of control, which it may present in the SAC that should likewise be rejected. Specifically, Plaintiffs contend that Phos, after having received Plaintiffs' cease and

16

**D.     Claim 4 for Unauthorized Use of Name/Likeness Under F.S. § 540.08 Should Be Dismissed as to Phos**

**1.     Phos Did Not Use Anyone's Name or Likeness**

Florida Statute § 540.08 states that "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person" without consent. Fla. Stat. § 540.08 (2025). The statutory verb is "use." By the FAC's own allegations, Mr. Way published the Tenzing Materials on his *personal* website, with Mr. Way's *personal* commentary, describing how Mr. Way *personally* developed the brand. FAC ¶¶43-53. The FAC is facially deficient with respect to Phos, as it does not contain any allegations that Phos published, printed, displayed, or used Mr. Furlong's name. This alone is fatal to Claim 4 as against Phos.[9]

---

desist letter and learning of the Tenzing Materials, "exercis[ed] control over [Mr.] Way" when it requested that Mr. Way take down those materials. ECF 31, at 10. By the time Plaintiffs sent the cease and desist letter in October 2025, Mr. Way was no longer employed by Phos and had not been for nearly seven months. The fact that Mr. Way took down the Tenzing Materials therefore has no bearing on any plausible control that Phos may have had (it didn't). See FAC ¶¶ 63; Ex. B, ¶12. Phos cannot plausibly be considered to have control over a former employee that left the company months prior.

[9] The FAC appears to admit that the conduct alleged with respect to Claim 4 applies *only* to Mr. Way. In ¶¶109-111, Plaintiffs refer only to "Defendant" and not "Defendant*s*." The conflation of the conduct of Mr. Way with Phos by generically referring to both "Defendants" in ¶112, without specifically alleging any conduct as to Phos specifically, should therefore be disregarded because such a singular conclusive statement fails to nudge the "claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. Plaintiffs expressed their intention to

Finally, Claim 4 of FAC does not contain any allegations of vicarious liability that could attach to Phos. Accordingly, Claim 4 should be dismissed for failure to state a claim against Phos.

### 2. The Outside-Scope Premise Forecloses Vicarious Liability as a Vehicle

Even if § 540.08 could theoretically reach an employer through vicarious liability or *respondeat superior*, that vehicle is unavailable here. As explained above, vicarious liability requires the employee's act to be within the scope of employment. Mr. Way's decision to post the Tenzing Materials to his personal portfolio was a violation of his employment agreement and outside any conceivable scope of employment. *See* § III.C.2, *supra*; Ex. B ¶¶8-10; *see also* Ex. B1 at 32.

### E. Tenzing's Requests for Statutory Damages and Attorneys' Fees Should Be Dismissed and/or Stricken

Even if Claims 2 and 3 survive dismissal, the Court should separately dismiss and/or strike Tenzing's requests for statutory damages and attorneys' fees.[10] FAC at Prayer ¶¶C, F. Statutory damages and attorneys' fees require registration of the work and may not be awarded for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such

---

withdraw this Claim against Phos, in apparent acknowledgment of this deficiency. ECF 29-1 at 11.

[10] Plaintiffs have indicated that they intend to withdraw their demand for statutory damages under the Copyright Act. *See* ECF 29-1, at 11.

18

registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). The FAC alleges that infringement commenced "at least as early as September 30, 2024." FAC ¶55. The FAC provides that the registration was filed on October 13, 2025, creating an earliest possible effective registration date more than one year *after* infringement allegedly began. *Id.* ¶40. Furthermore, the registration itself states the work was first published on April 20, 2023, more than *two years* before the earliest effective registration date. Ex. A3. This fails to satisfy the requirements of 17 U.S.C. § 412. Accordingly, should the Court find that Claims 2 and 3 survive dismissal, the Court should strike Plaintiffs' request for attorneys' fees and statutory damages under the Copyright Act.

### F.    Even if Any Portion of the FAC Survives Dismissal, Prayer for Relief ¶E Should Be Dismissed and/or Stricken

Prayer for Relief ¶E should be dismissed and/or stricken under Rule 12(f) because it fails as a matter of law with respect to Phos, is not ripe, and, should Claim 1 for breach of contract be dismissed, is preempted by the Copyright Act. Prayer for Relief ¶E of the FAC ("FAC Prayer ¶E") asks this Court to award "all fees, expenses, and costs associated with enforcement of their Intellectual Property rights against third parties as a result of Defendant's conduct." FAC Prayer ¶E. This request is premised on Florida's wrongful act doctrine.

Florida courts adhere to the "American rule" that attorneys' fees cannot be awarded unless expressly authorized by a contract or statute. *See, e.g., State Farm*

19

*Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993); *Azalea Trace, Inc. v. Matos*, 249 So. 3d 699, 701 (Fla. Dist. Ct. App. 2018). The wrongful act doctrine is an equitable principle providing a "narrow exception" to the American Rule, permitting recovery of attorneys' fees when "the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as *makes it necessary* to incur expenses to protect its interest." *MV Senior Mgmt., LLC v. Redus Fla. Hous., LLC*, 319 So. 3d 66, 67 (Fla. Dist. Ct. App. 2020) (emphasis added). There must be some underlying "tortious conduct" for the wrongful act doctrine to attach. *Id.*

To recover under Florida's wrongful act doctrine, a plaintiff must establish that "*but for the breaching party's tortious conduct*, the non-breaching party would not have been required to expend attorneys' fees to defend litigation against a third party." *Id.* (internal quotation omitted). Any relief for special damages under the wrongful act doctrine also requires that the downstream harm be a proximate and foreseeable result of the alleged breach. *See, e.g.*, *Hardwick Props. v. Newbern*, 711 So. 2d 35, 40 (Fla. Dist. Ct. App. 1998) (consequential damages "stem from losses incurred by the non-breaching party in its dealings, often with third parties, which were a proximate result of the breach, and which were reasonably foreseeable by the breaching party at the time of contracting.") (internal quotations omitted); *Buschman v. Clark*, 583 So. 2d 799, 800 (Fla. Dist. Ct. App. 1991) (consequential damages

20

"must be a natural and proximate result of the breach."); *Frank Silvestri v. Hilltop Developers*, 418 So. 2d 1201, 1203 n.1 (Fla. Dist. Ct. App. 1982) (similar). Put differently, the alleged wrongful act does not make it "*necessary . . . to protect [one's] interest*" without proximate causation. *MV Senior*, 319 So. 3d at 67 (emphasis added).

### 1. Phos Did Not Commit a "Wrong" to which the Wrongful Act Doctrine Can Attach

Without an underlying "wrong," relief cannot be awarded under the wrongful act doctrine. *Id.* As was discussed above in §III.A-D, the FAC fails to adequately plead that Phos: breached any contract with Plaintiffs; infringed plaintiff's copyright; and/or "used" Mr. Furlong's likeness for any commercial purpose. Therefore, the FAC fails to plead the predicate "wrongful act" to which the wrongful act doctrine could attach.

### 2. Neither But-For nor Proximate Causation Can Be Established

FAC Prayer ¶E should be dismissed or stricken under Rule 12(f) because Plaintiffs cannot establish but-for or proximate causation stemming from any alleged "wrongful act" of Phos as a matter of law. The wrongful act doctrine requires that "but for the breaching party's tortious conduct, the non-breaching party would not have been required to expend attorneys' fees to defend litigation against a third party." *MV Senior*, 319 So. 3d at 67 (internal quotation omitted). Similarly, those

21

costs must be "a proximate result of the breach, and [must be] reasonably foreseeable by the breaching party at the time of contracting." *Hardwick Props.*, 711 So.2d at 40 (internal quotation omitted). In other words, there must be some causal nexus between the alleged wrongful act and the fees that a plaintiff was forced to incur.

Here the causal chain Plaintiffs have to establish is: (1) Phos's alleged breach of contract → (2) Duncan Way independently published the Tenzing Materials on his personal website → (3) Tenzing VA independently discovered the Tenzing Materials on Mr. Way's website → (4) Tenzing VA independently decided to copy the brand name, color scheme, and narrative in its competing business because of Mr. Way's independent publication → (5) Plaintiffs incurred fees in stopping Tenzing VA's alleged infringement. Each step involves the entirely independent conduct of multiple third parties that sever any possible causal chain leading back to Phos.

### a. Multiple Independent Intervening Acts Break the Causal Chain

Wrongful act doctrine liability does not extend through multiple independent intervening causes. *See, e.g.*, *Canon Latin Am., Inc. v. Lantech (C.R.) S.A.*, No. 08-21518-CIV, 2011 WL 240684, at *16 (S.D. Fla. Jan. 24, 2011) ("a wrongful act by these Defendants must have precipitated [Plaintiff]'s involvement in the prior actions."). Here, Plaintiffs do not allege that any copying was a legal consequence of any act by Phos. As discussed above, Mr. Way's decision to post the Tenzing

Materials to his personal portfolio was a violation of his employment agreement and outside the scope of his employment. Ex. B ¶¶8-10; *see also* Ex. B1 at 32. This alone severs the causation chain leading back to Phos as required under the wrongful act doctrine.

Likewise, the FAC does not contain any factual allegations that the copying must *necessarily* have occurred from Tenzing VA's viewing of Mr. Way's website, nor could it reasonably allege any plausible facts to support such an allegation. The entirety of Plaintiffs' damages theory is pleaded "[o]n information and belief" in two paragraphs. FAC ¶¶71-72. These allegations are unsubstantiated and fail to plausibly plead a claim for relief. *See, e.g., Tarnoff v. iSolved, Inc.*, No. 6:25-cv-00955, 2025 WL 2432529, at *3 (M.D. Fla. Aug. 23, 2025) (allegations made upon information and belief "are generally not taken as true if not supported by sufficient facts."); *see also Twombly*, 550 U.S. at 551, 557 (declining to take as true the conclusory allegation "upon information and belief" that companies had entered a conspiracy without enough facts to make that statement plausible.).

In fact, FAC ¶71 is directly contradicted by the known evidence, including documents Plaintiffs cited in their original pleading. The original complaint included a copy of a business registration for Tenzing VA, showing its registration in 2020. *See* ECF 1 at Ex. L; *see also* Ex. A1 (Virginia registration for Tenzing VA). Not only does the FAC omit prior Exhibit L, it goes one step further and alleges that

23

Plaintiff Tenzing was founded first, an allegation that was absent in the original complaint and flatly contradicted by original Ex. L. *Compare* ECF 1 ¶71 ("On information and belief, Tenzing VA was founded after Defendant's publication of the Tenzing Materials.") *with* FAC ¶71 ("On information and belief, Tenzing VA was founded *after Tenzing's founding*, and after Defendant's unauthorized publication of the Tenzing Materials." (emphasis added)); *see also See Pelletier v. Zweifel*, 921 F.2d 1465, 1521 (11th Cir. 1991) (sanctions appropriate where "it became apparent that [Plaintiff's] own evidence contradicted his factual allegations.").

Likewise, FAC ¶ 72 is pleaded solely "on information and belief" and is entirely devoid of factual support. Plaintiffs have been in direct contact with Tenzing VA since at least October 2025. FAC ¶ 70. In the nearly five months between that initial contact and the filing of the FAC on March 12, 2026, Plaintiffs had ample opportunity to ask Tenzing VA whether it had ever visited or relied upon Mr. Way's personal website, the linchpin of their entire causation theory. They apparently did not, or if they did, the answer was unhelpful, because the FAC offers nothing beyond a naked "on information and belief" assertion to support it. Under *Twombly*, that is insufficient. 556 U.S. at 678.

Moreover, even accepting FAC ¶ 72 as true for purposes of this motion, Tenzing VA's alleged independent decision to utilize the Tenzing Materials was in

24

no way a foreseeable consequence of any act by Phos. Foreseeability is assessed at the time of contracting, *Hardwick Props.*, 711 So. 2d at 40, and no reasonable party executing a standard creative services engagement in January 2023 could have reasonably anticipated that an employee subsequently posting confidential materials to their personal portfolio would be discovered eighteen months later by a Virginia competitor, and cause that competitor to adopt a similar brand, particularly where, as here, both parties could easily have arrived at the same historical inspiration for their names.

The lack of but-for and proximate causation is further highlighted by the fact that it remains highly unclear whether Plaintiffs even have valid trademark rights to assert against Tenzing VA. On May 4, 2026, Tenzing VA moved to dismiss Plaintiff Tenzing's complaint in that case on the basis that, *inter alia*, Tenzing lacks a registered trademark to assert and cited a USPTO office action rejecting Plaintiff's TENZING word mark application over a likelihood of confusion with another registered mark. *See generally Tenzing Fin. Advisors, PLLC v. Tenzing Fin., LLC*, No. 4:26-cv-00044 (E.D. Va. May 4, 2026), ECF 13 ("Tenzing VA MTD") and 13-1.

All said, even if the Court were to determine that the FAC sufficiently pleads a causation chain that establishes but-for causation, which Phos does not concede, the pleadings are facially deficient as to proximate causation. None of the

25

downstream events would have been a reasonably foreseeable consequence of any action by Phos or been reasonably foreseeable at the time the parties entered into the Phos Agreement.

### b.    "Tenzing" Is a Historical Public Name

The FAC concedes that the name "Tenzing" was inspired by Tenzing Norgay, the celebrated Sherpa who summited Mount Everest in 1953. FAC ¶47. Tenzing Norgay is a historical figure. *See, e.g.*, Ex. A2 (Tenzing Norgay Wikipedia). Plaintiffs do not own the history of Tenzing Norgay. Accordingly, the possibility that Tenzing VA independently arrived at a similar description is entirely plausible. The FAC contains no allegation that Tenzing VA ever visited duncanwaydesign.com, instead incorrectly and nakedly asserting "[o]n information and belief" that Tenzing VA was founded after Tenzing's founding, after Mr. Way's independent publication of the Tenzing Materials, and that those materials were used to develop Tenzing VA's brand. FAC ¶¶71-72. Again, the timing of Tenzing VA's founding is contradicted by the exhibits of Plaintiffs' *original complaint*. *Compare* ECF 1 at Ex. L; Ex. B (Tenzing VA founded in 2020), *with* FAC ¶¶35-36 (Plaintiffs' rebrand took place in 2023). Likewise, the Tenzing VA Complaint further underscores that causation cannot be established. The Tenzing VA complaint pleads only that Tenzing VA had "access" to the branding materials "on information and belief" through "internet access." Tenzing VA Compl. ¶71.

26

The FAC relies on mere coincidences such as a shared name, logos both depicting the letter T, and different blue color schemes to support otherwise unfounded allegations pleaded solely on "information and belief." Such coincidences cannot establish any causation between Tenzing VA's alleged wrongful copying and Mr. Way's disclosure of the branding guide. Moreover, these elements are hardly protectable, as explained in both Way's MTD and Tenzing VA's motion to dismiss. *See* ECF 28; Tenzing VA MTD.

All said, Plaintiffs' threadbare pleadings "[o]n information and belief" fail to plausibly establish the proximate causation required under the wrongful act doctrine to support any damages theory as to Phos. The FAC does not plausibly plead that Tenzing VA copied anything from Mr. Way's personal portfolio rather than independently arriving at the same historical inspiration as Plaintiffs. FAC ¶¶46, 53, 55-56, 60-62, 69, 71-72, 96-98, 104-105, 107. Under *Iqbal* and *Twombly*, Plaintiffs must allege facts making copying more plausible than independent creation—they have not.

### 3. The State Law Wrongful Act Doctrine Is Preempted by the Copyright Act

To the extent FAC Prayer ¶E is asserted as a basis for damages for Claims 2 and 3 for Phos's alleged vicarious copyright infringement, this theory seeks consequential copyright damages (a concept governed by federal statutory and common law) through a state law vehicle. Section 301 of the Copyright Act

expressly preempts state law claims equivalent in substance to federal copyright rights. 17 U.S.C. § 301. Moreover, the Copyright Act already contemplates attorneys' fees. Section 505 of the Copyright Act provides that courts "*may*" award fees to the prevailing party "in its discretion." 17 U.S.C. § 505 (emphasis added). Likewise, 17 U.S.C. § 412 provides limitations to the applicability of § 505 to works registered *before* any infringement commenced. Plaintiffs should not be permitted to use the Florida wrongful act doctrine as a back-door to recover attorneys' fees for Tenzing VA's alleged infringement, while being unable to recover those fees under the Copyright Act because Plaintiffs failed to register their copyright within three months of the first publication. 17 U.S.C. § 412(2); *see* §III(E), *supra*.

### 4. The Wrongful Act Doctrine Pleadings Are Not Ripe: Any Fees Incurred Remain Speculative

Plaintiffs' claims for damages under the wrongful act doctrine are not ripe as they are entirely predicated on a pending litigation in its infancy. *See generally* Tenzing VA Compl. (filed March 24, 2026). Plaintiffs have not pleaded any ongoing harm by Phos that requires immediate action in the present case. As admitted in the FAC, the Tenzing Materials were removed from Mr. Way's websites. FAC ¶64. Accordingly, filing this lawsuit *before* the Tenzing VA Complaint while pleading entitlement to fees of the later case makes resolution of that issue impossible for the foreseeable future. For a party to have standing under Article III, a "case must be 'ripe' and not dependent on 'contingent future events that may not occur as

28

anticipated, or indeed may not occur at all.'" *Trump v. New York*, 592 U.S. 125, 131 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). While Phos maintains that the entire case should be dismissed for the reasons stated above, if the Court allows any portions of Plaintiffs' complaint to proceed, FAC Prayer ¶E should be dismissed and/or stricken as not ripe, at minimum.

First, because this case was filed before the Tenzing VA Complaint, the FAC does not request any actual attorneys' fees in *existing* third-party litigation—nor could it, as the Tenzing VA Complaint was filed *three months* after the original complaint in this case. The doctrine's text and every Florida decision applying it presuppose fees already expended in identifiable, existing proceedings. *See Auto-Owners Ins. Co. v. Hooks*, 463 So. 2d 468, 477-78 (Fla. Dist. Ct. App. 1985) (citation omitted) ("[R]easonable expenses *incurred* in the primary litigation created by the wrongful acts of another may be recoverable") (emphasis added); *see also City of Tallahassee v. Blankenship & Lee*, 736 So. 2d 29, 30 (Fla. Dist. Ct. App. 1999) (reversing fee award because the suit did not "involve[] the claimant in litigation with others"); *CC-Aventura, Inc. v. Weitz Co.*, No. 06-21598-CIV, 2008 WL 5143248, at *6 (S.D. Fla. Dec. 5, 2008) ("[T]he cases where attorney's fees were recovered under the wrongful act doctrine involved claims or defenses against third parties.").

29

The outcome of the Plaintiffs' damages claim in this case is entirely contingent upon the resolution of the Tenzing VA case. "Yes, there are some situations where a case can be decided before contingent facts are resolved, but the 'practical likelihood' of those contingent facts should be 'almost inevitable.'" *Medmarc Cas. Ins. Co. v. Fellows Labriola LLP*, No. 25-10837, 2025 WL 2886733, at \*4 (11th Cir. 2025) (dismissal appropriate where issue of whether an insurer would "ultimately have to indemnify [insureds] depends on the resolution of the underlying [injury] case, so the question is not ripe until that case is resolved.").

The fees expended by Plaintiffs in the Tenzing VA case are impossible to accurately calculate at this time. The Tenzing VA lawsuit was filed on March 24, 2026. *See generally* Tenzing VA Compl. Tenzing VA moved to dismiss on May 4, 2026, raising serious questions about the merits of Plaintiffs' case there. Tenzing VA MTD. The trajectory of that litigation is currently unknown. Consequently, the amount of any fees that will be incurred in the Tenzing VA litigation can only be estimated by wild speculation. Plaintiffs' damages theory is entirely contingent upon the conduct of both Tenzing VA (and its attorneys) and the Eastern District of Virginia in that case. *See Banks v. Sec., Dept. of Health & Human Servs.*, 38 F.4th 86, 95 (11th Cir. 2022) (collecting cases) ("The Supreme Court has consistently expressed 'reluctance to endorse standing theories that rest on speculation about the decisions of independent actors.'").

30

Moreover, the Tenzing VA litigation is unresolved and pleadings of the Tenzing VA Complaint further cast doubt on Plaintiffs' entitlement to trademark rights at all. Plaintiffs seek recovery of fees incurred in prosecuting a seven-count trademark and copyright infringement action that faces its own substantial, unresolved facial deficiencies. For example, Tenzing's two primary trademark infringement counts (Counts 1 and 2 of the Tenzing VA Complaint) are based on *pending* trademark applications, as discussed in Tenzing VA's motion to dismiss. Tenzing VA's counsel has asserted common law priority based on its own prior use of the "Tenzing" name, which it claims traces to company formation in June 2020— acknowledged by Plaintiffs in their earlier pleading in this case. Tenzing VA Compl. ¶41 (quoting Tenzing VA's counsel), *id.* at Ex. F; *see also* ECF 1 at Ex. L. Tenzing VA has also stated its intent to file oppositions to Tenzing's trademark applications, further making any resolution of the Tenzing VA litigation speculative at best. Tenzing VA Compl. at Ex. F ("We are amenable to coexistence, but in the event of further threatened action, we will file an opposition to [Tenzing]'s registration.").

Finally, the issue of whether Tenzing VA utilized the Tenzing Materials or even visited Mr. Way's website, based on the pleadings of the FAC, appear to be a complete unknown at this point, and will necessarily need to be first will be resolved in the Tenzing VA case. Thus, whether Defendants are liable under the wrongful act doctrine and the amount of fees Defendants may owe "depend[] on the resolution of

31

the underlying [Tenzing VA] case, so the question is not ripe until that case is resolved." *Medmarc Cas. Ins.*, 2025 WL 2886733, at *4. Dismissal, or striking, of the claim is therefore appropriate. *Id.*

Accordingly, FAC Prayer ¶E is not ripe and should be dismissed / stricken under Rule 12(f) or, in the alternative, the FAC should be dismissed without prejudice until the Tenzing VA matter concludes.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Phos Creative, LLC respectfully requests that this Court:

(a)   Dismiss Claims 1-4 of the FAC with prejudice, with respect to Phos;

(b)   In the alternative, dismiss and/or strike FAC Prayer for Relief ¶E;

(c)   In the alternative, should Claims 2 and 3 of the FAC survive dismissal, dismiss and/or strike FAC Prayer for Relief ¶¶C and E's requests for statutory damages and attorneys' fees as barred by 17 U.S.C. § 412;

(d)   In the alternative, dismiss the FAC as not ripe; and

(e)   Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

May 15, 2026

/s/ *Philipp Ruben*

Philipp Ruben (6324579)
**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
RSpuhler@mcandrews-ip.com
PRuben@mcandrews-ip.com

**Attorneys for Defendant,**

34

## CERTIFICATION OF ATTORNEY CONFERENCE

Pursuant to N.D. Fla. Local Rule 7.1(B), I hereby certify that I have conferred with counsel for Plaintiffs on May 13, 2026, regarding the relief requested.

/s/ *Philipp Ruben*
Philipp Ruben

## <u>WORD COUNT CERTIFICATE</u>

I certify that the above motion contains 7838 words and complies with Local

Rule 7.1(F).

/s/ *Philipp Ruben*
Philipp Ruben

36

## CERTIFICATION OF SERVICE

I hereby certify that on May 15, 2026, the foregoing document was electronically filed and served via the CM/ECF system to all counsel of record.

*/s/ Philipp Ruben*
Philipp Ruben
