**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

|  |  |
|---|---|
| TENZING FINANCIAL ADVISORS, PLLC, and JERRY L. FURLONG JUNIOR,<br><br>   *Plaintiffs*,<br><br>v.<br><br>PHOS CREATIVE, LLC and DUNCAN WAY,<br><br>   *Defendants*. | )<br>) Civil No.: 1:26-cv-00006-MW-MJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, Plaintiffs Tenzing Financial Advisors, PLLC, Jerry L. Furlong Junior ("Furlong"), and proposed additional Plaintiff Furlong Financial Group, PLLC ("Furlong Financial") (collectively, "Plaintiffs") respectfully move the Court for leave to file the attached Second Amended Complaint ("SAC"). Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In support thereof, Plaintiffs state as follows:

## INTRODUCTION

This action arises from Defendants' breach of an agreement, infringement of Plaintiffs copyrighted works, and violation of Plaintiff Furlong's rights of publicity. Since the filing of the First Amended Complaint, Plaintiffs have identified additional factual allegations that more precisely describe the conduct at issue and have determined that Furlong Financial is a necessary and proper party plaintiff with an independent cognizable interest in the claims asserted in this action.

The proposed SAC will not expand the case in a prejudicial manner. Rather, the amendment is necessary to ensure that the operative pleading reflects the proper parties, current intellectual-property rights, and clarified factual allegations at issue. Furlong Financial was the party to the written agreement with Phos for the rebrand and related creative services, and the proposed amendment clarifies the intellectual-property ownership assignment from Furlong Financial to Tenzing to evidence the chain of ownership tracing back to the contracting party. In addition, since the filing of the First Amended Complaint, Plaintiffs' trademark application for the logo matured into a registration on May 12, 2026, and Plaintiffs seek to include that registration, so the operative pleading accurately reflects the status of Plaintiffs' intellectual-property rights. The proposed SAC also clarifies and corrects factual allegations, refines defined terms, removes Phos from the right of publicity claim, and withdraws Plaintiffs' requests for statutory damages and injunctive relief as

moot. Far from prejudicing Defendants, the proposed amendment will sharpen the pleadings, narrow the dispute, and promote resolution on the merits rather than needless motion practice over issues that can be addressed through amendment.

This case remains in its early stages, and because the proposed amendment is timely, made in good faith, and will not prejudice Defendants, Rule 15(a)(2)'s liberal standard strongly favors leave. The Court should therefore grant Plaintiffs leave to file the proposed SAC.

## **FACTUAL BACKGROUND**

Plaintiffs filed this action on January 7, 2026. (Doc. 1) Plaintiffs later amended the original complaint as a matter of course to address facial deficiencies Defendants had raised and to add the copyright registration number for the Tenzing Branding Guide.  (Doc. 21). Plaintiffs filed the First Amended Complaint in good faith, while also accommodating Defendants' repeated requests for additional time to respond to the pleadings. Since the case was filed, Defendants have repeatedly sought and received extensions of time to respond. Neither Defendant has answered the First Amended Complaint. Nor have Defendants complied with Plaintiffs' early discovery requests made in connection with settlement discussions, including Plaintiffs' request for information regarding the dates of Duncan employment with Phos.

On April 23, 2026, the parties met and conferred regarding issues Defendants raised with the First Amended Complaint and anticipated motion to dismiss filing. The next day, Plaintiffs notified Defendants that Plaintiffs intended to seek leave to amend and identified proposed amendments directed to the issues raised by Defendants.

Despite Plaintiffs' notice that they intended to seek leave to amend, Defendant Duncan filed a motion to dismiss directed at the First Amended Complaint on April 27, 2026. That same day, Phos sought an extension of time to respond to the First Amended Complaint. Before Phos filed its motion, Plaintiffs agreed to the requested extension and confirmed again that they would seek leave to amend.

Plaintiffs continued working to narrow the issues. On May 5, 2026, Plaintiffs provided Defendants with what Plaintiffs understood to be the final list of amendment items to be addressed in the proposed SAC. On May 10, 2026, Phos advised that it did not oppose Plaintiffs' request for leave to file a SAC addressing those items. Phos later withdrew its non-opposition on May 15, 2026, and filed its own motion to dismiss, despite Plaintiffs repeated assurances that the SAC will be filed and address the issues previously discussed by the Parties

The Court issued its Initial Scheduling Order on April 29, 2026. Discovery has not meaningfully begun, no trial date has been set, and no Defendant has answered

the First Amended Complaint. Plaintiffs now seek leave to file the proposed SAC so the case may proceed on a clarified and narrowed operative pleading, rather than on motion practice directed at a pleading.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, after the time for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule further commands that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Eleventh Circuit has consistently recognized that Rule 15(a) "reflects a liberal policy of permitting amendments to ensure that cases are decided on their merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182, (1962), *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014). Leave to amend may be denied only where there is: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by prior amendments; (4) undue prejudice to the opposing party; or (5) futility of the amendment. *Foman*, 371 U.S. at 182; see also *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). None of those factors is present here.

## ARGUMENT

### A. Allowing Plaintiffs to Amend will Not Cause Delay or Prejudice Defendants.

The Eleventh Circuit has recognized that "[p]rejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citing *Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996)). None of those circumstances are present here. Nor is this a case involving repeated failures to cure pleading deficiencies through prior amendments.

Plaintiffs have not unduly delayed in seeking leave to amend. The proposed amendment is timely, made in good faith, and intended to ensure that all properly implicated parties and accurate factual allegations are before the Court while narrowing and clarifying the issues in dispute. Plaintiffs sought leave at the outset of the case, before Defendants answered the First Amended Complaint, before and meaningful discovery began, and before any dispositive motions have been fully briefed and decided.

Plaintiffs also notified Defendants of their intent to seek leave to amend and identified the proposed amendments on April 23, 2026, before Duncan filed his

motion to dismiss, and again on May 5, 2026, May 13, 2026, and May 15, 2026, before Phos filed its motion to dismiss. Several of the proposed amendments directly address issues identified by Defendants and are intended to streamline and narrow the claims at issue.

Defendants will not suffer undue prejudice from the proposed amendment. Defendants have long been aware of the proposed amendments, and the proposed SAC arises from the same core facts, transactions, parties, and alleged misconduct already at issue in this action. The amendment does not require Defendants to defend against wholly new theories of liability or restart litigation after substantial proceedings have occurred. Any additional discovery resulting from the amendment will be limited and manageable, particularly because meaningful discovery has not yet begun. Indeed, rather than expanding the litigation, the proposed amendment narrows the dispute in several respects and promotes a more efficient resolution of the issues before the Court.

## B. The Proposed Amendment Is Not Futile

The proposed amendment is not futile. An amendment is futile only where the complaint, as amended, would still be subject to dismissal. See *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

The proposed amendments clarify and support Plaintiffs' already plausible pleaded claims for breach of contract, copyright infringement, and violation of Plaintiff right of publicity. The amendments add factual detail, clarify allegations and legal theories, add a plaintiff with an independent interest in the claims, and narrow certain claims and requested relief against particular Defendants. Several of the amendments also directly address issues raised by Defendants in their motions and correspondence regarding the pleadings.

**C. Joinder of the Proposed Additional Plaintiff Is Proper.**

Federal Rule of Civil Procedure 20(a)(1) permits joinder of plaintiffs where: (1) they assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action.

Those requirements are satisfied here. Furlong Financial was the party to the written agreement with Phos for the rebrand and related creative services at issue, and that agreement is central to Defendants' contractual obligations, the development and use of the creative works, and the assignment or ownership of intellectual-property rights arising from the rebrand. The proposed amendment also clarifies the intellectual-property ownership assignment from Furlong Financial to Tenzing, which is necessary to evidence the chain of ownership tracing back to the

party that signed the agreement with Phos. At the time of the original filing it was believed the original entity, Furlong Financial was assumed or renamed to Tenzing during the rebranding process, however it has come to light that Furlong Financial still exists as an operating entity. Furlong Financial's claims therefore arise from the same alleged course of conduct already at issue in this action and present common questions of law and fact regarding the parties' contractual relationship, the ownership and assignment of intellectual-property rights, copyright infringement, and breach of contract.

**D.  Amendment will promote efficiency and merits-based resolution.**

Granting leave will conserve judicial and party resources. The proposed SAC addresses issues that would otherwise continue to be litigated through motion-to-dismiss briefing directed at an outdated pleading. Allowing amendment now will clarify the operative allegations, narrow the claims, and ensure that any future response or motion is directed at the complaint Plaintiffs intend to pursue.

That result is consistent with the purpose of Rule 15. The Supreme Court has explained that cases should be decided on their merits rather than on technical pleading missteps where the underlying facts may support relief. *Foman v. Davis*, 371 U.S. 178 (1962). Granting leave here advances that principle.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed SAC. Allowing Plaintiffs to file the SAC will serve the interests of justice and promote judicial efficiency. Moreover, the proposed amendment will not result in undue prejudice, bad faith, undue delay, or futility. Consistent with the liberal standard set forth in Rule 15, Plaintiffs respectfully request that the Court grant their Motion for Leave to Amend the Complaint.

DATED this 18th day of May 2026

Respectfully submitted,

STUDIOIP LAW, LLC

By: /s/ Jessie L. Pellant

**Jessie L. Pellant** (admission
*pro hac vice* forthcoming)
Colorado Attorney Reg. No. 42096
jpellant@studioiplaw.com
**Vincent Merenda** *pro hac vice*
Colorado Attorney Reg. No. 60774
vmerenda@studioiplaw.com
**Tatum Barton**
Florida Attorney Reg. No. 1058793
tbarton@studioiplaw.com

3000 Lawrence Street
Denver, CO 80205
Telephone: (303) 563-5360

*Attorneys for Plaintiffs*
Tenzing Financial Advisors, PLLC
and Jerry L. Furlong Junior

## CERTIFACTE OF COMPLIANCE

Pursuant to Local Rule 7.1(F), the undersigned counsel of record for Plaintiffs certifies the total word count is 2100 words.

*/s/ Tatum Barton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May 2026 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Tatum Barton*