# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

|  |  |
|---|---|
| FURLONG FINANCIAL GROUP, PLLC, TENZING FINANCIAL ADVISORS, PLLC, and JERRY L. FURLONG JUNIOR,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHOS CREATIVE, LLC and DUNCAN WAY,<br><br>*Defendants*. | Civil No.: 1:26-cv-00006-MW-MJF |

## PLAINTIFFS SECOND AMENDED COMPLAINT AND JURY TRIAL DEMANDED

Plaintiffs Furlong Financial Group, PLLC ("Furlong Financial"), Tenzing Financial Advisors, PLLC ("Tenzing") and Jerry L. Furlong Jr. ("Furlong") by and through their attorneys, StudioIP, for their First Amended Complaint against Defendants Phos Creative, LLC ("Phos") and Duncan Way ("Duncan"), allege, on knowledge as to its own actions and otherwise upon information and belief, as follows:

1

# I. NATURE OF THE ACTION

1. This is a complaint for breach of contract, copyright infringement, right of publicity (against Duncan), contributory copyright infringement, and misappropriation against the Defendants, arising from Defendants' willful misappropriation of Plaintiffs valuable copyrighted images, branding guide, and unlawful publication of Plaintiffs' brand development.

2. Defendants unlawfully breached their ("Agreement") with Furlong Financial.

3. Upon information and belief, Duncan created the branding materials while employed by Phos and subsequently reproduced and publicly displayed the heart of Plaintiffs' registered work on his personal website and without authorization in violation of the Agreement and committing copyright infringement. The branding materials assigned to Plaintiff under the Agreement are registered with the United States Copyright office as Registration No. TX9-553-940 (collectively, the "Tenzing Branding Guide").

4. Duncan's unauthorized publication of the Tenzing Branding Guide further included the use of Furlong's name and likeness for commercial and promotional purposes in connection with the advertising of Duncan's services, in violation of Furlong's rights of publicity.

5. Upon information and belief, Phos knew or should have known of Duncan's infringing conduct, had authority to control the actions of Duncan as an employer, and materially contributed to such conduct by failing to implement reasonable safeguards and controls over Plaintiffs' proprietary materials.

6. Defendants' actions caused Plaintiffs to enforce their rights against third parties, incurring unnecessary attorney's fees associated with the protection and enforcement of their intellectual property.

## II. JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction under the Copyright Act of 1976); 17 U.S.C. § 101 *et seq.* (Article I, § 8, cl. 8 of the U.S. Constitution); and 28 U.S.C. § 1338 (exclusive asserted herein against Defendant include claims for copyright infringement. This Court has supplemental jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Phos because, on information and belief, Defendant's Principal Place of Business is 2131 NW 40th Terrace, Suite B, Gainesville, FL 32605, and is registered with the Florida Secretary of State to conduct business in Florida.

9. This Court has personal jurisdiction over all Defendants because Defendants systematically conduct their business operations throughout the State of

3

Florida and have purposefully availed themselves of the privileges of conducting business in the State of Florida, by offering their services to the citizens and persons of the State of Florida.

10. This Court has personal jurisdiction over Duncan because Duncan resides in the State of Florida.

11. This Court has personal jurisdiction over Phos because Defendant entered into and executed the Agreement that give rises to the claims herein in Florida.

### III. VENUE

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this action occurred in this District.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District with respect to this action.

### IV. PARTIES

15. Plaintiff Furlong Financial is a professional limited liability company formed under the laws of Florida with its principal place of business located at 110

NE 11th Avenue Ocala, FL 34470.

16. Plaintiff Tenzing is a limited liability company formed under the laws of Florida with its principal place of business located at 110 NE 11th Avenue Ocala, FL 34470.

17. Tenzing is a financial advisory practice based in Ocala, Florida, that provides personalized financial planning and investment management services to individuals, families, business owners, retirees, and nonprofit organizations. Tenzing helps clients develop and execute long-term financial strategies, including portfolio management, retirement and longevity planning, estate and charitable giving, and trust and corporate retirement-plan consulting.

18. Tenzing operates through Raymond James Financial Services Advisors, Inc., offering investment advisory services while maintaining independence as its own firm. Tenzing's philosophy emphasizes a relationship-based approach to wealth management, guiding clients through life's financial journey with personalized advice and comprehensive planning support.

19. Jerry Furlong Jr. (hereinafter, "Furlong") is the founder and branch manager of Tenzing Financial Advisors, PLLC.

20. On information and belief, Phos is a limited liability company formed under the laws of Florida with its principal place of business located at 2131 NW 40th Terrace, Suite B, Gainesville, FL 32605. Phos offers branding and marketing

services.

21.  On information and belief, Duncan is an individual residing at 2120 NW 7th St., Gainesville, FL 32609.

## V. FACTUAL BACKGROUND

**Plaintiffs' Background**

22.  Furlong is the Owner and Branch Manager of Tenzing. Furlong holds certifications for Series 7, Series 66, Series 24 Licensure, and the Wealth Management Specialist™, WMS™ Designation.  Coinciding with the owner's tenure, Furlong spent 21 years as an Army National Guard Warrant Officer, flying both helicopters and airplanes, and was twice deployed to Iraq.

23.  Furlong has been a financial advisor for nearly two decades.

24.  In June 2007, Furlong began his financial services career with Edward Jones.

25.  On June 28, 2011, Furlong joined Raymond James as an independent contractor and operated under the name Furlong Financial. Furlong is not an employee, agent, or representative of Raymond James; rather, Furlong operates as an independent financial advisor who clears trades and maintains client accounts through Raymond James. See **Furlong Affidavit**.

26.  While at Raymond James, Furlong founded, and was the branch manager of, Furlong Financial until 2023.

**The TENZING Rebrand**

27. On or around October 2022, Furlong began negotiations with Phos to undertake a full branding and marketing rebrand for his financial advisor practice, Furlong Financial. *Id.*

28. On or around January 3, 2023, Furlong Financial entered a contract (the "Agreement") with Phos for the creation of a comprehensive branding and marketing guide to rename and design the company. See **Exhibit A**.

29. Furlong sought a company rebrand to cultivate a team environment, have a brand that reflects his values and attract younger talent to Tenzing. See **Furlong Affidavit**.

30. Throughout the process, Furlong met with several employees at Phos, including Brandon West, Corey LaRosa, Elliot Shuey, and Duncan Way, regarding the rebranding process. *Id*.

31. On information and belief, Furlong met with Duncan four (4) times via zoom. Duncan would present logos, brand design concepts, and the brand style guide for the Agreement. *Id*.

32. On information and belief, Duncan was responsible for the creative design aspects of the rebrand and would present the designs to Furlong. A team of Phos employees worked under Duncan's direction and control. *Id*.

33. The Agreement included three deliverables: 1) Name Identification and

Selection, 2) a Brand Plan, and 3) Logo Design and Brand Package. Each of the deliverables were accounted for and paid for individually. See **Exhibit A**.

34. For the first deliverable, Phos charged Furlong Financial five thousand dollars ($5,000) for the Name Identification.

35. For the second deliverable, Phos charged Furlong Financial eight thousand dollars ($8,000). This deliverable included a Strategic Plan, a Verbal and Visual Identity, and Marketing Strategy.

36. For the third deliverable, Phos charged Furlong Financial eight thousand dollars ($8,000). This deliverable included both collateral (Business Cards) and a Social Media Rebranding Package.

37. The Agreement's Intellectual Property clause, at page 22, provides:

> PHOS agrees to transfer and assign, and hereby transfers and assigns, to the Client and its designees, without further compensation, the entire right, title and interest throughout the world in and to: (a) all Technical Information first produced by PHOS in the performance of this Agreement; (b) all Intellectual Property resulting from PHOS' activities under this Agreement; (c) all Intellectual Property relating to any Deliverables under this Agreement; and (d) creations and inventions that are otherwise made through the use of the Client's or its affiliates' equipment, supplies, facilities, materials and/or Proprietary Information. All such Technical Information and Intellectual Property that are protectable by copyright will be considered work(s) made by PHOS for hire for the Client (as "works made for hire" is defined in the United States Copyright Act, 17 U.S.C. § 101) and will belong exclusively to the Client. See **Exhibit A.**

38. The final deliverables were sent to Furlong Financial in April 2023.

39. On March 14, 2023, Furlong filed the Articles of Incorporation under the business new name, Tenzing Financial Advisors PLLC, with the Florida Secretary of State, and began operating the business as Tenzing Financial Advisors. See **Exhibit B**.

40. Furlong Financial assigned the intellectual property rights to Tenzing, and Tenzing subsequently licenses those intellectual property rights back to Furlong Financial. See **Exhibit C.**

41. Tenzing's new rebranded website went live in 2023 and contained a copyright notice.

42. To protect its substantial investment in their intellectual property, Tenzing applied with the U.S. Copyright Office for their Tenzing Branding Guide, Registration No. TX9-553-940 (the "Registered Work" or "Tenzing Branding Guide"). See **Exhibit D**.

43. The Registered Work was filed with the U.S. Copyright Office on October 13, 2025. *Id.*

44. The Registered Work was filed with special handling to expedite the application process, in anticipation of this litigation.

45. The Registered Work registered with the U.S. Copyright Office on January 16, 2026, Registration No. TX9-553-940. See **Exhibit D.**

46. Plaintiff owns a registration with the United States Patent and

Trademark Office ("USPTO") for the Tenzing Logo, US. Reg. No. 8252994, respectively. See **Exhibits E**

**Defendants' Breach and Infringement**

47. In September 2025, Furlong conducted internet search engine optimization (SEO) research of his business name, Tenzing Financial Advisors, to see where the website appeared in the Google search results landing page. See **Furlong Affidavit**.

48. When conducting SEO research, Furlong found Duncan's website on the first page of the Google search results. *Id*.

49. After Furlong discovered such, Duncan's business, "Duncan Way Designs," the Tenzing Logo appeared as a thumbnail next to Duncan's website link. See **Exhibit F**.

50. When Furlong clicked Duncan's website, Furlong discovered Duncan published portions of the Tenzing Branding Guide, which included color choices, typeface, and alternative logo designs on his website, including additional commentary and insight describing how he created the Tenzing Branding Guide, and the "why" behind the Tenzing name and the development process. See **Exhibit G**.

51. On information and belief, Duncan publicized private information regarding conversations between Furlong and Duncan regarding the brand development process of picking the brand name and designing and developing the

10

brand logo and narrative. See **Furlong Affidavit**.

52.     Duncan's website stated:

The name derives from Tenzing Norgay - the sherpa who helped Edmund Hilary climb Everest and was inspired by Jerry describing how he tries to carry the load for his clients.

Once we had the name we needed a strong brand identity that was professional but still approachable, that showed strength, inspired trust, and gave a nod to the meaning behind the name. I presented three mood boards that ran a spectrum of these brand attributes and some different logo stylings in order to fully understand where Jerry wanted his brand to end up.

After mood boarding I explored logo concepts and presented four back to Jerry and the team. I explored mountain and letter-based iconography mixed with professional, bold, yet approachable fonts. In the end we landed on an icon that is built from letter T's, layered in such a way to create an abstract mountain silhouette. The brand features a bold and fun orange to offset the professional deep blue. See **Exhibit G.**

53.     Not only did Duncan explain the naming and marketing process, Duncan also posted exact pages from the Tenzing Branding Guide, including the Tenzing Brand Style Guide, Color Palette, Brand Attributes, Whitespace, Typography, Voice & Tone pages, and portions of the Logo Lockups, as well as visuals of mood boards and logo iterations created for Plaintiff and derived from the Tenzing Branding Guide.  (See below and attached as **Exhibit G**).

# Tenzing Financial Advisors

Branding | Brand System | Finance





Jerry, the owner of Tenzing Financial Advisors, originally did not have a name or brand - he simply had a mission to help his clients overcome the perceived hurdles of planning their financial future.

After meeting with Jerry and getting a full understanding of who he was and what he wanted his brand to achieve I bought the name Tenzing to Jerry and my team (Creative Director and Marketing Specialist). The name derives from Tenzing Norgay - the sherpa who helped Edmund Hilary climb Everest and was inspired by Jerry describing how he tries to carry the load for his clients.

Once we had the name we needed a strong brand identity that was professional but still approachable, that showed strength, inspired trust, and gave a nod to the meaning behind the name. I presented three mood boards that ran a spectrum of these brand attributes and some different logo stylings in order to fully understand where Jerry wanted his brand to end up.

After mood boarding I explored logo concepts and presented four back to Jerry and the team. I explored mountain and letter based iconography mixed with professional, bold, yet approachable fonts. In the end we landed on an icon that is built from letter T's, layered in such a way to create an abstract mountain silhouette. The brand features a bold and fun orange to offset the professional deep blue.

I created several logo types to cover a range of uses and contexts and packaged them with an extensive brand guidelines. You can see the mood boards, logo concepts, final logos, and some of the brand guidelines below.









54. In addition to the publication of the Tenzing Branding Guide, Duncan used Furlong's name and likeness on his website without authorization. See **Exhibit**

**G**.

55.  Duncan's website, stated:

Jerry, the owner of Tenzing Financial Advisors, originally did not have a name or brand - he simply had a mission to help his clients overcome the perceived hurdles of planning their financial future.

After meeting with Jerry and getting a full understanding of who he was and what he wanted his brand to achieve I bought the name Tenzing to Jerry and my team (Creative Director and Marketing Specialist)….

The name derives from Tenzing Norgay - the sherpa who helped Edmund Hilary climb Everest and was inspired by Jerry describing how he tries to carry the load for his clients. *Id*.

56.  The Agreement does not contain a release, consent, waiver, license, or any implied permission for Defendants to use, display, or promote any of the Tenzing Branding Guide. See **Exhibit A**.

57.  Furlong did not give consent to Phos or Duncan, independent of the Agreement, to use the Tenzing Branding Guide for Defendants' own commercial gain. See **Furlong Affidavit**.

58.  On information and belief, Duncan used Furlong's name and business story without consent to directly promote his own branding services.  Specifically, Duncan featured Jerry's identity and project narrative on his website to advertise his design capabilities and directed consumers to view the logo types, mood boards, and brand guidelines he created for Plaintiffs in order to attract potential clients and

generate business.

59. Disregarding Plaintiffs' substantial investment and rights in the Registered Work, and the terms of the Agreement, Duncan intentionally and knowingly published the Tenzing Branding Guide online. See **Exhibit G**.

60. On information and belief, Duncan made the Tenzing Branding Guide public on Duncan's website including the name, image and likeness of Furlong since at least as early as September 30, 2024, without the consent of Furlong Financial, Tenzing and/or Furlong. See **Exhibit H**.

61. On information and belief, Duncan was employed by Phos at all times through the creation of the Tenzing Branding Guide, and the heart of the Tenzing Branding Guide were published online for a substantial period of time while Duncan was employed at Phos.

62. Duncan had access to the Tenzing Branding Guide because Duncan was employed by Phos, and worked at the direction, control, and under the supervision of Phos, to make the Tenzing Branding Guide.

63. Above the Tenzing Branding Guide posted on Duncan's website, Duncan stated:

> I created several logotypes to cover a range of uses and contexts and packaged them with an extensive brand guidelines. You can see the mood boards, logo concepts, final logos, and some of the brand guidelines below. (See Paragraph 53; **Exhibit G**).

64. Duncan's website features an easily accessible contact page that allows

consumers to contact Duncan and inquire about his services. See **Exhibit I.**

65. On information and belief, Phos knew that the Tenzing Branding Guide were published on Duncan's website.

66. On information and belief, Defendants knew that some consumers would see the Tenzing Branding Guide, which in turn, would unfairly allow other business to copy Tenzing's brand name, narrative, and marketing scheme, and exploit Tenzing's Branding Guide for their own commercial value.

67. On information and belief, Phos knew that Duncan's promotion of the Tenzing Branding Guide was appealing and effective marketing, and Phos would benefit from the promotion of the Tenzing Branding Guide.

**Plaintiffs' Enforcement**

68. On October 23, 2025, Tenzing sent Phos a cease-and-desist letter stating breach of contract, and to immediately and permanently remove the Tenzing Branding Guide from Duncan's website and cease and desist from any further infringement of any of Tenzing's intellectual property rights, and to reimburse Tenzing for the full contract amount. See **Exhibit J**.

69. Phos instructed Duncan to remove the Tenzing Branding Guide from Duncan's website.

70. Phos never formally responded to the letter. Instead, Phos sent an email to Furlong stating "I'm sorry that this happened" and informed Furlong

that the content was removed from Duncan's website. See **Exhibit K.**

71. A verbal apology does not repair the harm sustained by Tenzing. Accordingly, Plaintiffs have been required to retain the undersigned counsel to prosecute this action and has agreed to pay reasonable attorneys' fees and costs associated therewith.

**Damages Sustained by Third Party**

72. As a result of Defendants' breach, Tenzing has become aware of at least one other company, also in the business of financial services, that uses an identical name, Tenzing, and a nearly identical logo and brand narrative for their company. See **Exhibit L and M**.

73. Plaintiff became aware of the third party's use when conducting the SEO research alleged in Paragraph 48. See **Furlong Affidavit**.

74. The infringing third party is Tenzing Financial LLC, (hereafter Tenzing VA) located in Williamsburg, Virginia.

75. On information and belief, Tenzing VA offers nearly identical services including personalized financial planning and investment management services to individuals, families, business owners, retirees, and nonprofit organizations. Tenzing VA helps clients develop and execute long-term financial strategies, including portfolio management, retirement and longevity planning, estate and charitable giving, and trust and corporate retirement-plan consulting.

76. Concurrent with the October 23 cease and desist letter Tenzing sent to Phos, Tenzing also sent a cease-and-desist letter to Tenzing VA asserting, among other claims, trademark infringement.

77. On information and belief, Tenzing VA filed its Articles of Incorporation in 2020, prior to Tenzing founding in 2023, but Tenzing VA did not launch its brand until 2025 after hiring a third party marketing firm to design the brand and website for Tenzing VA after the Plaintiff Tenzing brand launch and after Duncan's unauthorized publication of the Tenzing Branding Guide. See **Exhibits L & M.**

78. On information and belief, the third-party marketing agency hired by Tenzing VA utilized Tenzing's Materials to develop their own brand.

79. Tenzing uses a deep blue color on their website and is the primary color developed for the logo in the Tenzing Branding Guide. See **Exhibit D.**

80. Tenzing VA uses a nearly identical deep blue color throughout their website and logo that is nearly identical to logos developed in the Tenzing Branding Guide published on the internet (see below). *Id.*





81. Looking closer, Tenzing VA uses a nearly identical intersecting "T" logo. (see below)



82.    As a result of Defendants' willful conduct, Tenzing has had to expend significant time and resources to protect and enforce their Intellectual Property rights in a separate action against Tenzing VA.

83.    As a result of the Defendants' conduct, Defendants created consumer confusion in the marketplace and harmed and diluted Tenzing's goodwill with its clients and current or future business partners.

84.    In fact, at least one of Tenzing's clients has written Plaintiff and expressed confusion between Plaintiff and Tenzing VA. See **Exhibit N**.

85.    Defendants' conduct has significantly devalued Plaintiff's investment in the Agreement.

86.    Defendants caused injury to the reputation and consumer goodwill that Tenzing, Furlong, and Furlong Financial cultivated and invested in with the Tenzing rebrand.

87. Accordingly, Defendants have irreparably harmed Plaintiffs' business, reputation, and consumer goodwill.

## VI. CAUSES OF ACTION

## Claim 1. Breach of Contract Florida Common Law

88. Plaintiffs repeat and reallege paragraphs 1 through 87 hereof, as if fully set forth herein.

89. At all material times, Plaintiff performed their duties under the Agreement, which is a binding, valid, and enforceable contract under Florida law.

89. The Agreement expressly provides that PHOS "transfers and assign" to Furlong Financial "the entire right, title and interest throughout the world" in and to all intellectual property resulting from PHOS' activities under the Agreement, including all intellectual property relating to deliverables created thereunder. The Agreement further provides that all such intellectual property protectable by copyright constitutes "works made for hire" under 17 U.S.C. § 101 and "will belong exclusively" to Furlong Financial. See **Exhibit A.**

90. The Agreement does not grant Defendants any license back or right to use, publish, disclose, or otherwise disseminate Plaintiffs' Intellectual Property.

91. Plaintiff's claims arise, in part, from the conduct occurring at least as early as September 2024, when Duncan published the Tenzing Branding Guide online while employed by Phos. None of the terms, provisions, conditions, or exclusions in the Agreement give consent to Duncan to publish the Tenzing

Branding Guide.

92. Defendants have directly reproduced and distributed the Tenzing Brand Guide and other Intellectual Property, including but not limited to, the mood boards created for Plaintiff, as part of the development of the Tenzing rebrand. These mood boards are part of Tenzing's Intellectual Property under the Agreement.

93. Defendants, through the acts and omissions of its agents, representatives, and/or employees, including Duncan, materially breached the Agreement by failing to maintain control over Plaintiff Intellectual Property and permitting the unauthorized use, disclosure, and dissemination of the assigned Intellectual Property, thereby failing to perform its duties and/or obligations under the Agreement.

94. As a direct, proximate, and natural result of the Defendants breach(es), Plaintiff has suffered foreseeable damages. Plaintiff has been deprived of its exclusive rights in and to the Intellectual Property created during the Agreement.

95. As a further result of Defendants' breach, Plaintiff has been forced to expend significant time and resources, including attorneys' fees, to protect and enforce their Intellectual Property rights against others.

## Claim 2. Copyright Infringement 17 U.S.C. § 101

### (Copyright Registration No. TX9-553-940)

96. Plaintiffs repeat and reallege paragraphs 1 though 87 hereof, as if fully

set forth herein.

97. Tenzing is the exclusive owner of the Tenzing Branding Guide including, the Tenzing Branding Guide under the Agreement and all associated and derivative works.

98. The Agreement explicitly provides Tenzing with ownership in four areas:

> (a) all Technical Information first produced by PHOS in the performance of this Agreement;
>
> (b) all Intellectual Property resulting from PHOS' activities under this Agreement;
>
> (c) all Intellectual Property relating to any Deliverables under this Agreement; and
>
> (d) creations and inventions that are otherwise made through the use of the Client's or its affiliates' equipment, supplies, facilities, materials and/or Proprietary Information. See **Exhibit A**.

99. As the exclusive owner of the Tenzing Branding Guide, Tenzing possesses the exclusive rights to reproduce, distribute, and prepare derivative works based on the Tenzing Branding Guide in the United States.

100. Duncan has directly reproduced and distributed components of the Tenzing Branding Guide for promotion of Defendants' services.

101. Duncan has directly reproduced and distributed Intellectual Property related to the Tenzing Branding Guide in breach of the Agreement.

102. Defendants have directly reproduced and distributed Intellectual Property, such as Proprietary Information contained in the conversations between Furlong and Duncan.

103. Phos is vicariously liable for Duncan's conduct. See *Joe Hand Promotions, Inc. v. Hart*, No. 9:11-cv-80971 (S.D. Fla. Apr 16, 2012) ("[T]he well-established standard for establishing vicarious liability in cases involving violations of the Copyright Act is whether an individual had the right and ability to supervise the wrongful conduct and had a direct financial interest.")

104. On information and belief, Phos had both the right, duty, and ability to supervise Duncan's conduct.

105. On information and belief, Phos derived a direct financial benefit from the unauthorized publication of the Tenzing Branding Guide.

106. Duncan held himself out to be a full-time employee of Phos, via his personal Resume/CV on his website and his LinkedIn during the time that the heart of the Tenzing Branding Guide was copied and published on Duncan's website. See **Exhibit J.**

107. On information and belief, Duncan created the Tenzing Branding Guide in the course of his employment with Phos, using Phos resources, and under Phos direction and control.

108. Upon receipt of the cease-and-desist letter, Phos instructed Plaintiff that

24

they had contacted Duncan and asked him to remove the infringing content exhibiting control.

109. On information and belief, Defendants' infringement of Tenzing Branding Guide was knowing, willful, deliberate and with the intent for the Defendants to profit from that infringement.

**Claim 3. Unauthorized Publication of Name or Likeness Under F.S. §540.08**

110. Plaintiffs repeat and reallege paragraphs 1 through 87 hereof, as if fully set forth herein.

111. Duncan used Furlong's name and business development story for the purpose of trade, and commercial and advertising purposes by publishing it on Duncan's personal website.

112. Duncan used private information contained in the conversations between Furlong and Duncan regarding the development of the Tenzing Branding Guide.

113. Duncan is aware that he nor Phos had consent to use Plaintiff's name, and brand story or conversations shared between Duncan and Furlong regarding his Tenzing rebrand.

114. Accordingly, Duncan violated F.S. §540.08 by knowingly and intentionally, using Plaintiff's name and business narrative without his consent for their own commercial gain to promote their own services. As a direct and proximate

result of Defendants' actions, Plaintiffs have been injured substantially and irreparably.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

A. Entry of judgment for Plaintiffs on each of its claims;

B. Awarding actual, compensatory, special, and consequential, and sustained by Plaintiffs as a result of Defendants' infringement and misconduct;

C. Awarding of general damages for injury to reputation and goodwill Plaintiffs have sustained as a result of Defendants' infringement the confusion caused and misconduct;

D. Awarding Plaintiffs special damages, including all fees, expenses, and costs associated with enforcement of their Intellectual Property rights against third parties as a result of Defendants conduct;

E. Awarding such other and further equitable, legal, or additional relief as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

DATED this 20th day of May 2026

Respectfully submitted,

STUDIOIP LAW, LLC

By: /s/ Jessie L. Pellant
**Jessie L. Pellant** (admission
*pro hac vice* forthcoming)
Colorado Attorney Reg. No. 42096
jpellant@studioiplaw.com
**Vincent Merenda** *pro hac vice*
Colorado Attorney Reg. No. 60774
vmerenda@studioiplaw.com
**Tatum Barton**
Florida Attorney Reg. No. 1058793
tbarton@studioiplaw.com

3000 Lawrence Street
Denver, CO 80205
Telephone: (303) 563-5360

*Attorneys for Plaintiffs*
Tenzing Financial Advisors, PLLC
and Jerry L. Furlong Junior

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May 2026 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Tatum Barton*