|  |  |
|---|---|
| TENZING FINANCIAL ADVISORS, PLLC AND JERRY L. FURLONG JUNIOR, <br><br> *Plaintiff*, <br><br> v. <br><br> PHOS CREATIVE, LLC, AND DUNCAN WAY, <br><br> *Defendant*. | Case No.: 1:26-cv-00006-MW-MJF |

## DEFENDANT PHOS CREATIVE, LLC'S OPPOSED MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Under Local Rule 7.1(I), Defendant Phos Creative, LLC ("Phos"), by and through its undersigned counsel, moves this Court for leave to file a reply memorandum in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint ("Phos MTD") (ECF 46) and states:

1. In response to numerous pleading deficiencies identified in their First Amended Complaint, Plaintiffs requested leave to file a Second Amended Complaint on May 18, 2026 (ECF 38). Plaintiffs were granted leave to file their Second Amended Complaint on May 20, 2026 (ECF 41).

2. Because the Second Amended Complaint did not fully address all of the deficiencies previously identified by Phos, Phos filed its Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF 46) on June 3, 2026.

3. Plaintiffs filed their Memorandum of Law in Opposition to Defendant Phos's Motion to Dismiss the Second Amended Complaint on June 17, 2026 (ECF 54).

4. Phos requests leave to file a reply memorandum responding to arguments raised by Plaintiffs for the first time in their opposition to the Phos MTD, including:

    a. Plaintiffs' opposition advances a new theory in support of their breach-of-contract claim, arguing for the first time that the assignment provision of the Engagement Contract created a continuing or ongoing duty to Phos beyond the delivery and assignment of the deliverables. ECF 54 at 18-23.

    b. Plaintiffs mischaracterize the legal standard governing their claim for vicarious copyright infringement. For example, arguing for the first time that pleading mere access to the alleged copyrighted materials is sufficient to plausibly plead control. ECF 54 at 23-29.

c. Plaintiffs' Opposition includes blatant mischaracterizations of the record refuted by their own SAC and exhibits. Specifically, Plaintiffs assert that "[i]n September 2025, . . . Way held himself out as a full-time employee at PHOS." ECF 54 at 11. In support, Plaintiffs cite an exhibit to the Second Amended Complaint which depicts a screenshot of an archive of Duncan Way's website dated September *2024*. ECF 42-10 at 8-9.

d. Plaintiffs also raise new legal theories regarding their request for special damages under Florida's wrongful act doctrine, including arguments that they may be entitled to recover attorneys' fees under the Copyright Act (something Plaintiffs previously conceded when filing the Second Amended Complaint, but have apparently walked back now), or "another applicable basis." ECF 54 at 33-36. These new theories are outside both the Phos MTD and the SAC.

e. Finally, Plaintiffs request attorneys' fees under 28 U.S.C. § 1927 for responding to the Phos MTD. Phos respectfully requests a reply brief to respond to this new request for relief made in Plaintiffs' response to the Phos MTD.

5. Phos will be conducting the deposition of Consociate Media, LLC, the third-party marketing agency hired by Tenzing VA, on Tuesday, June 23, 2026. Phos anticipates that this deposition will provide additional clarity as to the unsubstantiated and facially implausible allegations contained in SAC ¶¶77-78 – whether Tenzing VA's marketing agency viewed or utilized Mr. Way's website in developing the Tenzing VA Brand, which is the linchpin of Plaintiff's request for special damages.

6. Phos's proposed reply will be concise and limited to responding to new legal arguments and requested relief introduced in Plaintiffs' opposition to the Phos MTD and clarifying the above factual issues so this Court can be fully informed of the legal grounds and facts sufficient to determine the Phos MTD.

**WHEREFORE**, Defendant Phos Creative, LLC respectfully requests that, for the foregoing reasons, this Court enter an order: (1) granting this motion for leave to file a reply memorandum in support of Phos's Motion to Dismiss Plaintiffs' Second Amended Complaint; and (2) awarding any further relief that this Court deems just and proper.

Respectfully submitted,

June 19, 2026

/s/ *Philipp Ruben*

Philipp Ruben (6324579)
**MᴄAɴᴅʀᴇᴡs, Hᴇʟᴅ & Mᴀʟʟᴏʏ, Lᴛᴅ.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
PRuben@mcandrews-ip.com

**Attorney for Defendant,
PHOS CREATIVE, LLC**

## CERTIFICATION OF ATTORNEY CONFERENCE

Pursuant to N.D. Fla. Local Rule 7.1(C), I hereby certify that I have conferred with counsel for Plaintiffs on June 18, 2026, regarding the relief requested. Plaintiffs oppose.

**<u>CERTIFICATION OF WORD LIMIT</u>**

Pursuant to N.D. Fla. Local Rule 7.1(F), I certify that this motion complies with the required word limit. According to the word processing program used to prepare this document, the motion contains fewer than 500 words.

*/s/ Philipp Ruben*
Philipp Ruben

## CERTIFICATION OF SERVICE

I hereby certify that on June 19, 2026, the foregoing document was electronically filed and served via the CM/ECF system to all counsel of record.

*/s/ Philipp Ruben*
Philipp Ruben