**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

---

**FURLONG FINANCIAL GROUP, PLLC, TENZING FINANCIAL ADVISORS, PLLC** and **JERRY L. FURLONG JUNIOR**,

    *Plaintiffs*,

v.

**PHOS CREATIVE, LLC** and **DUNCAN WAY**,

    *Defendants*.

Index No.: 1:26-cv-00006-MW-MJF

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT DUNCAN WAY'S RULE 12(B)(6) MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

INTRODUCTION.................................................................................................1

ARGUMENT .....................................................................................................2

I. Plaintiffs Are Not Entitled to Recovery of Attorney's Fees Under 28 U.S.C. §
1927 ..........................................................................................................2

II. Plaintiffs Cannot Amend the SAC Through the Opposition to Avoid
Dismissal of the Contract Claim ...................................................................6

III. Plaintiffs Cannot Avoid Dismissal of the Copyright Claim At The MTD
Stage .......................................................................................................8

IV. Plaintiffs Cannot Reframe Their Wrongful-Act Doctrine Claim for Damages
to Circumvent Causation and Preemption......................................................10

CONCLUSION .................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Cesaire v. Tony*,
  No. 20-cv-61169, 2023 WL 7291005 (S.D. Fla. Sept. 20, 2023) .....................12

*Compulife Software, Inc. v. Newman*,
  959 F.3d 1288 (11th Cir. 2020) ...............................................................3, 11

*Eglin Fed. Credit Union v. Baird*,
  400 So. 3d 643 (Fla. 1st DCA 2024) ...............................................................7

*Gateway Cable T.V., Inc. v. Vikoa Const. Corp.*,
  253 So. 2d 461 (Fla. 1st DCA 1971) ...............................................................8

*Huls v. Llabona*,
  437 Fed.Appx. 830 (11th Cir. 2011).................................................................7

*McKally v. Perez*,
  87 F.Supp.3d 1310 (S.D. Fla. 2015) .............................................................6, 8

*Metro. Life Ins. Co. v. McCarson*,
  467 So. 2d 277 (Fla. 1985)..............................................................................8

*Morali v. Mayan*,
  377 So. 3d 1182 (Fla. 4th DCA 2024)..............................................................9

*Ounjian v. Globoforce, Inc.*,
  89 F.4th 852 (11th Cir. 2023) .........................................................................9

*Quesada v. Better Earth, Inc.*,
  No. 6:23-cv-1809, 2024 WL 3890077 (M.D. Fla. Aug. 21, 2024).....................2

*Rayburn v. Bright*,
  163 So. 3d 735 (Fla. 5th DCA 2015)..............................................................11

*Resnick v. AvMed, Inc.*,
  693 F.3d 1317 (11th Cir. 2012) .....................................................................10

*Richmond v. Pep Boys-Manny*,
  No. 5:05-cv-304, 2006 WL 1529079 (M.D. Fla. May 30, 2006) ......................3

*Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*,
    998 F. Supp. 2d 1340 (S.D. Fla. 2014) ..............................................................3

*Southland Constr., Inc. v. Greater Orlando Aviation Auth.*,
    860 So. 2d 1031 (Fla. 5th DCA 2003) ............................................................12

*Tyne v. Time Warner Ent'mt Co., L.P.*,
    901 So. 2d 802 (Fla. 2005)................................................................................3

**Statutes**

17 U.S.C. § 102 ......................................................................................................9

17 U.S.C. § 301(a)................................................................................................12

**Other Authorities**

*Restatement (First) of Contracts* § 334 (Am. Law Inst. 1932) ...............................11

**INTRODUCTION**

Plaintiffs' opposition brief (the "Opposition") confirms the weakness of their case. Faced with the threshold deficiencies identified in Way's Motion to Dismiss (the "MTD"), Plaintiffs fail to confront these multiple independent grounds for dismissal. Instead, Plaintiffs ask this Court to consider new materials found nowhere in the SAC nor the MTD, disregard indisputable facts in their own pleadings, and defer questions of law that binding precedent permits this Court to resolve now.[1] The Opposition further accuses Way and Way's counsel of unreasonably and vexatiously multiplying the proceedings, an accusation the record refutes.

None of this moves the needle. The Contract Claim fails because Way was never a party to the Agreement, and Plaintiffs' newly minted theories of personal liability are legally unfounded and improperly raised. The Copyright Claim fails for two independent reasons: Plaintiffs do not hold copyright registrations for most of the allegedly infringed elements listed in the SAC, and Way's display of six slides from the Tenzing Branding Guide was *de minimis* as a matter of law—a determination this Court is fully empowered to render on the pleadings. The Right of Publicity Claim likewise fails for the reasons set forth in the MTD.[2] Finally, Plaintiffs' recharacterizion of costs associated with the Tenzing VA litigation as

---

[1] Unless noted, capitalizations and abbreviations are the same as in Way's MTD.

[2] *See* MTD 26-32. Way relies on the arguments made there as to the Right of Publicity Claim and does not repeat them here.

"special damages" or "third-party enforcement expenses" does not change the fact that such damages are unrecoverable as a matter of law under either contract or copyright. The SAC should be dismissed in its entirety with prejudice.

## ARGUMENT

### I. Plaintiffs Are Not Entitled to Recovery of Attorney's Fees Under 28 U.S.C. § 1927

The Opposition argues that Way's MTD improperly asks this Court to resolve factual issues rather than evaluate legal deficiencies in the SAC. Opp. 48-49. Plaintiffs further contend that Way and Way's counsel have acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" by filing the MTD and creating "unnecessary motion practice" instead of answering the SAC. *See* Opp. 47. Both propositions fail.

First, the MTD presents well-grounded *legal* arguments against each of the three claims in the SAC. The Contract Claim requires Plaintiffs to allege that either Way signed the Agreement in his individual capacity or that the corporate veil should be pierced. MTD 11 (citing *Quesada v. Better Earth, Inc.*, No. 6:23-cv-1809, 2024 WL 3890077, at *8 (M.D. Fla. Aug. 21, 2024)). The Opposition does not dispute that the SAC does neither, *see* Opp. 15-17, and offers no legal authority under which mere employees may be personally bound by their employer's contracts. *Cf. Richmond v. Pep Boys-Manny*, No. 5:05-cv-304, 2006 WL 1529079, at *5 (M.D.

2

Fla. May 30, 2006) (binding employees to employer contracts "would turn the law of master/servant, the law of agency, and contract law on its head").

The Copyright Claim turns on the Eleventh Circuit's abstraction-filtration-comparison framework, under which filtration is a question of law resolvable on a motion to dismiss and comparison's substantial similarity determination may likewise be resolved where, as here, both works are before the Court. *See* MTD 15 (citing *Compulife Software, Inc. v. Newman*, 959 F.3d 1288, 1309 n.12 (11th Cir. 2020); MTD 22 (citing *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1349 (S.D. Fla. 2014)).

The Right of Publicity Claim rests on the settled rule that not every publication of a name violates §540.08: a statement of law from cases such as *Tyne v. Time Warner Ent'mt Co., L.P.*, 901 So. 2d 802 (Fla. 2005). MTD 27.

Second,  Plaintiffs' bad-faith accusation fares no better. The MTD does not ask this Court to "respond to objectively unsupported arguments" or rule on issues that are not properly resolvable on a Rule 12(b)(6) motion, Opp. 49. Rather, it identifies legal deficiencies in the SAC based on binding and persuasive precedent. Such good-faith briefing of contested legal questions is not bad-faith litigation conduct.

Moreover, to the extent Plaintiffs suggest that Way "caused unnecessary motion practice through substantially indistinguishable filings," Opp. 47, the record

3

shows otherwise. After the parties' meet-and-confer to discuss Defendants' motions to dismiss the First Amended Complaint (the "FAC"), Plaintiffs communicated they intended to amend their complaint to cure unspecified "facial deficiency issues." ECF No. 35-1, 9-10. Both Way and PHOS contemporaneously requested additional information regarding the proposed amendments to determine whether or not to consent to Plaintiffs' request for leave to amend. *Id.* at 8-9. On April 24, 2026, at 5:22pm, Plaintiffs noted they were "in the process of reviewing the complaint this weekend" and provided a preliminary list of deficiencies to be addressed. *Id.* at 7. These proposals included "[r]emoving Duncan [Way] from the breach of contract claim." *Id.*

Plaintiffs went silent after that. Over the following days, counsel for Defendants made multiple written requests regarding further information about the proposed amendments and noting their own deadline to respond to the FAC on April 27, 2026. *See id.* at 5-6. Defendants also asked whether Plaintiffs would seek entry of default if Defendants did not file their responses by the deadline. *See id.* at 4. Plaintiffs did not respond. *See id.*; *see also* ECF No. 29 ¶11. Having already represented to this Court that Way did not anticipate seeking further extensions, *see* ECF No. 22 ¶4, and with no substantive response from Plaintiffs despite repeated requests, Way had no choice but to file his motion to dismiss the FAC on April 27,

4

2026, in accordance with this Court's deadlines and consistent with his prior representations to the Court.

Plaintiffs did not provide an updated deficiencies list—including removing Way from the Contract Claim and withdrawing the Copyright Claim as to the Tenzing Materials—until May 5, more than a week after Defendants' deadline. *See* ECF No. 35-1, 14. Even then, Plaintiffs did not move for leave to amend, which would have mooted the need for an opposition altogether. Instead, they filed an opposition, embedding an improper request for leave to amend at the end. *See* ECF No. 31, 33.  Plaintiffs' delay was substantial enough that PHOS eventually withdrew its initial non-opposition to Plaintiffs' motion for leave to amend in order to file its own motion to dismiss the FAC in accordance with its own deadlines with this Court. *See* ECF No. 38 ¶13.

Plaintiffs did not file their motion for leave to amend until May 18, 2026, a full three weeks after Defendants' deadline. *See* ECF No. 38. To the extent Plaintiffs now call the MTD "unnecessary motion practice" that "unreasonably and vexactiously multipies proceedings," Opp. 47, the additional time and costs were of Plaintiffs' own making: a timely response about the proposed amendments, or a motion for leave filed at any point in the two weeks after Defendants' deadline, would have avoided the need to brief a second opposition entirely. Plaintiffs cannot drag their feet through their own amendment process and then seek recovery of

5

attorney's fees for the consequences. Accordingly, Plaintiffs' request for fees should be denied.

## II. Plaintiffs Cannot Amend the SAC Through the Opposition to Avoid Dismissal of the Contract Claim

Plaintiffs do not dispute that Way was not a signatory to the Agreement between FFG and PHOS or argue that the corporate veil was pierced. Instead, the Opposition advances two new theories, neither of which is in the SAC: first, that "Way was directly involved in the contractual relationship," Opp. 15; and second, that PHOS's "employee handbook [gives] rise to certain obligations of Way as an employee not to infringe on rights of clients," Opp. 17.

This is impermissible pleading: Plaintiffs cannot inject new allegations into their pleadings through opposition papers and must rely only on the facts in the SAC. *McKally v. Perez*, 87 F.Supp.3d 1310, 1317 (S.D. Fla. 2015) ("a complaint may not be amended by briefs in opposition to a motion to dismiss") (citing *Huls v. Llabona*, 437 Fed.Appx. 830, 832 n.5 (11th Cir. 2011)).

Plaintiffs' first new theory—that Way had notice of, and assented to, the terms of the Agreement—is nowhere to be found in the SAC. To the contrary, the SAC repeatedly identifies PHOS, and not Way, as the contracting party receiving the benefits of the bargain. *See* SAC ¶¶28, 34-37. Way is mentioned in the SAC only as an employee of PHOS, identified with several other PHOS employees, *id.* ¶30, who

6

was allegedly "responsible for the *creative design aspects* of the rebrand," *id.* ¶32 (emphasis added)—not for all essential terms of the Agreement.

The cases cited by Plaintiffs in support of this new theory only confirm its weakness. The court in *Eglin Fed. Credit Union v. Baird*, 400 So. 3d 643 (Fla. 1st DCA 2024) held that additional contractual terms which were hyperlinked to in a monthly account statement email did not constitute reasonable notice of the offer; therefore, "mutual assent is impossible." *Id.* at 648. If hyperlinked terms between two parties with an existing, valid contract is insufficient notice and assent, then PHOS apprising its design team of deliverables due under the Agreement at a high level cannot support "a reasonable inference that Way had notice of the client-specific deliverables and restrictions on their use" and manifested assent, as Plaintiffs contend, Opp. 16. Nor does *Gateway Cable T.V., Inc. v. Vikoa Const. Corp.*, 253 So.2d 461 (Fla. 1st DCA 1971) help Plaintiffs: that case found an enforceable oral contract only on extrinsic evidence such as the defendant cashing plaintiff's check, assuring plaintiff that it had a binding contract, and encouraging plaintiff to perform under the contract. *Id.* at 464-65. The SAC alleges nothing comparable as to Way: he did not negotiate the Agreement's terms, made no representations about it to Plaintiffs, and never received payment from FFG.

Plaintiffs' second new theory fares no better. Plaintiffs do not explain how Way's purported contractual duties under PHOS's employee handbook would give

7

them an enforceable claim against Way *even if such a duty existed*, since at best they would be incidental beneficiaries who cannot enforce the contract. *See* MTD 12 (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 279 (Fla. 1985)). Moreover, neither the SAC nor the MTD mentions an employee handbook. Plaintiffs cannot attempt to amend the SAC through opposition papers referencing a separate motion to dismiss filed by a co-defendant. *See McKally*, 87 F.Supp.3d at 1317.

Finally, despite Plaintiffs' contention that this Court cannot resolve the Contract Claim at the pleading stage, they cite to cases contradicting that assertion. Both *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860-862 (11th Cir. 2023) and *Morali v. Mayan*, 377 So. 3d 1182, 1185 (Fla. 4th DCA 2024) affirmed, in full or in part, a lower court's dismissal of the complaint with prejudice.

The Contract Claim should have never been made against Way. Plaintiffs have even conceded that point in the past, initially proposing to remove Way from the Contract Claim, ECF No. 35-1, 7, 14, before reneging on that statement in the as-filed SAC. The Contract Claim should be dismissed with prejudice.

## III. Plaintiffs Cannot Avoid Dismissal of the Copyright Claim At The MTD Stage

The Opposition argues that because originality is a question of fact, the Copyright Claim cannot be dismissed. Opp. 22. This is a misstatement of copyright law. Originality—even though it is a "low bar," *id.*—is only one element of copyrightability, not the only one. A work is copyrightable if it is (a) original; (b)

fixed in a tangible medium of expression; and (c) of the appropriate subject matters listed in 17 U.S.C. §102(a)(1)-(8) and excluding the categories in 17 U.S.C. §102(b), namely ideas, processes, methods, concepts, and the like. 17 U.S.C. § 102. The SAC does not adequately plead these requirements for any work other than certain literary elements of Plaintiffs' sole registered work, the Tenzing Branding Guide. *See generally* MTD 15-19.

Plaintiffs repeatedly state that this Court "must accept Plaintiffs' allegations regarding the scope of the registered work as true" and "draw all reasonable inferences in Plaintiffs' favor," Opp. 26, but the Court is required to do no such thing when those allegations and inferences do not meet *Twombly/Iqbal* pleading standards. In particular, the SAC must allege facts sufficient to move the allegations from "the realm of the possible into the plausible." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1327 (11th Cir. 2012).

Plaintiffs fail to do so here. Plaintiffs have only one copyright registration, for a literary work, and only six out of 25 slides of the Tenzing Branding Guide were reproduced on the Portfolio. The registration certificate itself, which Plaintiffs attached to the SAC, substantially cabins the scope of copyright: it issued "for the literary work as a whole," with "[s]tandard shapes, formatting, and layout" expressly excluded. *See* SAC Ex. D, 3-4. The Court need not accept a broader scope than that of the registration Plaintiffs themselves provided. Nor must the Court accept

9

Plaintiffs' conclusory statement that substantial similarity cannot be resolved on a motion to dismiss. Although Plaintiffs contend that the "relevant [substantial similarity] inquiry is not arithmetic alone, but whether the copied material was quantitatively and qualitatively significant to the copyrighted work as a whole," Opp. 32, that logic undercuts itself and copyright law. Substantial similarity *is* part quantitative and part qualitative; therefore, arithmetic alone is applicable when determining quantitative significance, and "[q]ualitative significance is often apparent on the face of the copied portion of a copyrighted work," *Compulife*, 959 F.3d at 1310. This Court has everything it needs to resolve substantial similarity now, as other courts in this district and elsewhere have done on similar records. *See, e.g.*, MTD 22-23.

Because Plaintiffs hold only a copyright registration in the Tenzing Branding Guide as a literary work and the six slides displayed on the Portfolio were *de minimis* relative to the allegedly infringed work, quantitatively and qualitatively, this Court should dismiss the Copyright Claim with prejudice.

## IV. Plaintiffs Cannot Reframe Their Wrongful-Act Doctrine Claim for Damages to Circumvent Causation and Preemption

The Opposition's theory is that Way's reproduction of a subset of the Tenzing Branding Guide was itself the wrongful act requiring Plaintiffs to sue Tenzing VA. Opp. 35-36. That theory must locate liability somewhere. Plaintiffs are correct that "[t]he wrongful act doctrine does not create a separate cause of action, however. It

10

is simply an additional element of damage available *where liability already exists*."
*Rayburn v. Bright*, 163 So. 3d 735, 737 (Fla. 5th DCA 2015) (emphasis added) (quoting *Southland Constr., Inc. v. Greater Orlando Aviation Auth.*, 860 So. 2d 1031, 1038 n.4 (Fla. 5th DCA 2003)). That means well-established limits to legal liability such as causation and preemption still apply. According to Plaintiffs, recovery of third-party litigation expenses is permissible under the wrongful-act doctrine even if there was significant intervening third-party conduct, Opp. 36, and even if federal law preempts such redress, Opp. 37. Such a position is contrary to law.

No matter whether Way's alleged wrongful conduct lies in contract (as the Contract Claim contends) or copyright (as the Copyright Claim contends), recovery of third-party enforcement costs is not permitted. If the wrongful act lies in contract and the "breach of contract is the cause of litigation between the plaintiff and third parties that the defendant *had reason to foresee when the contract was made*, the plaintiff's reasonable expenditures in such litigation are included in estimating his damages." *Cesaire v. Tony*, No. 20-cv-61169, 2023 WL 7291005, at *4 (S.D. Fla. Sept. 20, 2023) (emphasis added) (quoting *Restatement (First) of Contracts* § 334 (Am. Law Inst. 1932)). Even if Plaintiffs could plausibly allege that Way assented to the Agreement with FFG—and they cannot—it was not reasonably foreseeable at the time of the Agreement's execution that an unrelated third-party marketing

11

agency hired by an unrelated third-party financial firm in another state would "use[]" Plaintiffs' materials in developing" the firm's brand, Opp. 36. Because Plaintiffs would not be able to recover for third-party litigation costs in a breach of contract claim due to these multiple independent, intervening actions of third parties, *see* MTD 24-25, Plaintiffs are foreclosed from recovering these third-party litigation costs under the wrongful-act doctrine, as well.

If the wrongful act lies in copyright, then available remedies are governed by the Copyright Act, and not state law. The Opposition attempts to frame Plaintiffs' request for "third-party enforcement expenses" as "independent special damages" which are not subject to §412 of the Copyright Act. Opp. 37. Plaintiffs argue that §412 only bars statutory damages and prevailing-party fees, but that argument answers the wrong question. Section 301(a) preempts any state-law right "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106," regardless of the label attached to the relief sought. 17 U.S.C. §301(a). The question is not whether "special damages" happens to fall outside §412's text; it is whether the right Plaintiffs are vindicating is equivalent to a §106 right. It is. Plaintiffs' own theory is that Way reproduced and publicly displayed the Tenzing Branding Guide without authorization—conduct within the reproduction and display rights enumerated in §106(1) and (5). *See* SAC ¶¶100-102; Opp. 21 (invoking §106(1), (5) directly). Calling damages from that conduct "special damages" rather

than "statutory damages" or "prevailing-party fees" does not change the right being vindicated, and the Opposition does not argue otherwise: it never cites §301, never addresses preemption, and identifies no element of the wrongful-act claim beyond the alleged infringement itself. Once preempted, the claim is governed exclusively by the Copyright Act's remedial scheme, under which §412 bars the recovery sought. *See* MTD 25-26.

Either way, Plaintiffs' damages theory fails. If the wrongful act lies in contract, the claim flounders on the absence of foreseeability and the multiple intervening third-party acts discussed in the MTD. If it lies in copyright—the only theory the SAC's own allegations actually support—the claim is preempted by §301 and barred by §412. Plaintiffs cannot escape both grounds by calling the same recovery "special damages." Paragraph D of the Prayer for Relief should be dismissed or struck.

## **CONCLUSION**

Way respectfully requests that this Court grant his Rule 12(b)(6) motion, dismiss the SAC in its entirety with prejudice, award Way his reasonable attorneys' fees and costs, and award any further relief that this Court deems just and proper.

13

## **CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.1(F), the undersigned counsel certifies that according to the word-processing system used to prepare this motion, the total word count for all printed text is 3,055 words, excluding the case style, signature block, and certificates.

Dated: June 29, 2026

Respectfully submitted,

**STUDIO LEGAL LLP**

By:    */s/ Cecillia X. Xie*

Cecillia X. Xie (*admitted pro hac vice*)
New York Bar No. 5497573
447 Broadway 2nd FL #388
New York, NY 10013
(347) 620-6423
cece@studiolegal.xyz

*Attorney for Defendant Duncan Way*

14

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 29, 2026, the foregoing document was

electronically filed and served via the CM/ECF system to all counsel of record.

*/s/ Cecillia X. Xie*
CECILLIA X. XIE
