## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

|  |  |
|---|---|
| **FURLONG FINANCIAL GROUP, PLLC, TENZING FINANCIAL ADVISORS, PLLC and JERRY L. FURLONG, JR.,** | |
| **Plaintiffs,** | **Case No.: 1:26-cv-00006-MW-MJF** |
| v. | |
| **PHOS CREATIVE, LLC and DUNCAN WAY,** | |
| **Defendants.** | |

## DEFENDANT PHOS CREATIVE, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS ALL COUNTS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................1

II.  ARGUMENT......................................................................................2

    A.   Plaintiffs' Breach of Contract Claim Is Deficient................................2

    B.   Plaintiffs Cannot Cure their Vicarious Copyright Infringement
        Pleadings ..............................................................................4

    C.   Plaintiffs' Request for "Special Damages" Should Be Stricken...........8

    D.   Plaintiffs' Request for Fees Should Be Denied ..................................11

III. CONCLUSION .................................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Amlong & Amlong, P.A. v. Denny's, Inc.*,
500 F.3d 1230 (11th Cir. 2007)...................................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................5

*Benson v. Seestrom*,
409 So. 2d 172 (Fla. Dist. Ct. App. 1982)...................................................7

*Byrne v. Nezhat*,
261 F.3d 1075 (11th Cir. 2001)...................................................................13

*DDB Techs., LLC v. MLB Advanced-Media, L.P.*,
517 F.3d 1284 (Fed. Cir. 2008) ...............................................................3, 4

*Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*,
707 F. Supp. 2d 1287 (M.D. Fla. 2010) ....................................................5, 7

*McDonough v. City of Homestead*,
No. 17-23227-Civ, 2018 WL 11250006 (S.D. Fla. June 5, 2018)................13

*Michael Grecco Prods., Inc. v. RGB Ventures, LLC*,
No. 3:16-cv-1335, 2017 WL 4077045 (M.D. Fla. Sept. 14, 2017)................4

*SCOMA Chiropractic, P.A. v. Jackson Hewitt Inc.*,
No. 2:17-cv-24, 2017 WL 3149360 (M.D. Fla. July 25, 2017) ...................10

*Sygma Photo News, Inc. v. High Society Magazine, Inc.*,
778 F.2d 89 (2d Cir. 1985) ...........................................................................6

*Tenzing Fin. Advisors, PLLC v. Tenzing Fin., LLC*,
No. 4:26-cv-44 (E.D. Va. June 20, 2026) .................................................11

*United Techs. Corp. v. Mazer*,
556 F.3d 1260 (11th Cir. 2009)...............................................................6, 7

*Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC*,
    596 F.3d 1313 (11th Cir. 2010) ............................................................................4

**STATUTES**

17 U.S.C. § 412 .............................................................................................8, 9

28 U.S.C. § 1927 ................................................................................. 2, 11, 12, 13

## I.    INTRODUCTION

Plaintiffs' Response to Phos's Motion to Dismiss (ECF 54, hereinafter "Resp.") confirms the problem that prompted Phos's Motion in the first place. Faced with the deficiencies Phos identified, Plaintiffs did not cure them. They shifted theories.

The clearest example is their request for special damages, SAC Prayer ¶D. Plaintiffs now call it merely "a category of damages." Resp. at 30. It is not. It is the core relief they seek: the fees and costs they incurred enforcing their intellectual property rights against a third party in separate litigation. Having abandoned Copyright Act statutory damages and fees in the SAC, Plaintiffs now assert they "may be entitled to recover fees or expenses under one or more available theories, including . . . Copyright Act remedies, or another applicable basis." Resp. at 34.[1] The pleadings do not support these theories. Plaintiffs' willingness to keep shifting theories to justify this extraordinary fee award, until ordered otherwise, is why Phos filed its Motion.

Plaintiffs do not engage Phos's arguments. They recast them as "factual disputes" and advance new theories to prop up their breach, vicarious-infringement,

---

[1] Plaintiffs evidently chose to disregard that the same provision applies to foreclose their ability to recover fees. *Compare* ECF 29-1 at 11, ECF 49 at 11 (requesting fees under §505); *with* 17 U.S.C. § 412 (there shall be "no award of *statutory damages or of attorney's fees*, as provided by sections 504 and 505[.]") (emphasis added).

and fee claims. Relabeling a pleading deficiency does not cure it. The new theories are untenable and fail under *Iqbal* and *Twombly*. And Plaintiffs' cited authorities do not help them. Each case they cite is either inapposite or, read correctly, requires precisely what the SAC fails to plead.

Plaintiffs also ask the Court to shift their fees for responding to Phos's Motion. That request is meritless. The need to file the SAC arose from Plaintiffs' own pleading deficiencies across two prior complaints and Plaintiffs' own delay in amending those pleadings. Moreover, Plaintiffs do not even argue the elements required for sanctions under 28 U.S.C. § 1927. Accordingly, Phos's Motion should be granted and Plaintiffs' fee request denied.

## II.    ARGUMENT

### A.    Plaintiffs' Breach of Contract Claim Is Deficient

Plaintiffs' defense of their breach claim proves the deficiency. They still do not identify a breach of any provision of the Engagement Contract. To fill that gap, they raise a new theory: that the assignment had "continuing effect," imposing an ongoing duty on Phos to protect the rights it had assigned. Resp. at 19. That theory fails.

Plaintiffs say it is enough to "identify the [Engagement Contract]'s Intellectual Property clause and allege that PHOS acted inconsistently with the exclusive rights assigned under that clause." Resp. at 18. Reading the assignment as

2

a one-time transfer, they say, would "render contractual language meaningless." Resp. at 19. It does not. The Engagement Contract was a present-tense grant of an assignment, not a continuing covenant. ECF 46 at 12, n.3 (citing *DDB Techs., LLC v. MLB Advanced-Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008)). An assignment conveys the rights once. It does not saddle the assignor with an ongoing duty to police them.

The theory fails for a second reason. Plaintiffs' own pleading places the conduct on Mr. Way, not Phos. The SAC alleges that Mr. Way posted the materials on his "personal website" to "promote his own branding and design services." Resp. at 7-8. Plaintiffs plead no facts imputing that conduct to Phos, as Phos's Motion explains. Even if the assignment imposed a continuing duty, the SAC does not allege that Phos breached it.

Plaintiffs try to recast Phos's legal arguments as "factual issues." Resp. at 20-21. The recast fails because the defects are legal, not factual. Phos's motion to dismiss argues that Plaintiffs: (1) fail to allege a breach of the Engagement Contract, as their new continuing-effect theory shows; and (2) plead facts that place Mr. Way's conduct outside the scope of his employment. ECF 46 at 16-17. Plaintiffs' Response only confirms the point. *See* Resp. at 7-8. Those are deficiencies in Plaintiffs' legal theories, not factual disputes.

Plaintiffs' argument that the breach claim is not duplicative of their copyright claim likewise fails. Resp. at 21-23. The two cases they cite involved licenses, not assignments. *Michael Grecco Prods., Inc. v. RGB Ventures, LLC*, No. 3:16-cv-1335, 2017 WL 4077045, at *9-11 (M.D. Fla. Sept. 14, 2017); *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC*, 596 F.3d 1313, 1326-27 (11th Cir. 2010). The distinction matters. A license creates a continuing obligation in the licensee to pay royalties for the rights licensed. An assignment operates as a present-tense sale, with no continuing royalty obligation. *See DDB Techs., LLC*, 517 F.3d at 1290. Plaintiffs' breach of contract claim should be dismissed with prejudice.

### B.    Plaintiffs Cannot Cure their Vicarious Copyright Infringement Pleadings

Plaintiffs' arguments fail to cure either prong of their vicarious infringement claim. A vicarious claim requires both a direct financial benefit to Phos and Phos's right and ability to control the *infringement*. The SAC pleads neither.

Regarding financial benefit, Plaintiffs say their claim is "supported by specific factual allegations concerning Way's employment relationship with PHOS, his access to and use of materials created through that relationship, his public promotion of those materials, and his identification of himself as a PHOS employee on the same

4

website that the Tenzing Branding Guide was published." Resp. at 25.[2] Every item on that list concerns Mr. Way promoting himself. None ties a benefit to Phos. The only allegation that tries is conclusory, pleaded "on information and belief" that "Phos would benefit from the promotion" of the materials. ECF 46 at 18-19. That does not answer the basic question: how does Phos profit when its employee advertises his own services on his own website, from conduct that was in breach of Phos's own employment agreement? A recitation of unrelated facts does not "nudge[] [their] claims across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

Regarding control, Plaintiffs equate Mr. Way's access to the materials with control over the infringement. Resp. at 26-27. Access is not control. Plaintiffs' theory misstates the standard and fails as a matter of law. Plaintiffs must (but cannot) plead that Phos had control over *the infringement* itself. *See Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010) (quoting *Sygma Photo News, Inc. v. High Society Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985)) ("*exercise control over*, or benefit from *the infringement*. . . .") (partial

---

[2] Plaintiffs represent that Mr. Way "held himself out as a full-time employee at PHOS" when they discovered his site in September 2025, and that he "continued to hold himself as a PHOS employee" as of their October 23, 2025 letter. Resp. at 11 (citing SAC ¶106, Ex. J). Plaintiffs' evidence establishes the opposite. The LinkedIn capture shows Mr. Way's employment with PHOS terminating in Apr 2025. SAC, Ex. J (ECF 42-10) at 11. Plaintiffs conceded the point in their letter, acknowledging that "Duncan has since left PHOS." SAC, Ex. J (ECF 42-10) at 3.

emphasis added). As Phos explained, and Plaintiffs concede, the actual alleged infringing activity (on the facts pleaded) occurred on Mr. Way's personal website, outside company time, and to promote his own services. SAC ¶58. Phos did not control that.

Plaintiffs' reliance on Phos's confidentiality policies likewise proves the point against them. Plaintiffs concede that Mr. Way was "subject to confidentiality obligations contained in PHOS's employee handbook." Resp. at 9. They then argue that those provisions, which prohibited employees "from using confidential information outside the performance of their duties or disclosing it outside PHOS," "further support[] [their] supervisory-authority allegations." Resp. at 27. The opposite is true. Provisions that forbade Mr. Way's conduct show that Phos tried to prevent it, not that Phos controlled it. Mr. Way breached those provisions anyway. That he did so, and that Phos could not stop him, confirms the absence of control.

Plaintiffs' cited authority does not save their claims. Plaintiffs cite *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271–73 (11th Cir. 2009), for the proposition they merely need to plead "an employee's position and access" to survive dismissal. Resp. at 20. *Mazer* is a civil theft case; it has nothing to do with breach of contract or copyright infringement. *Id*. Second, the "employee" whose conduct was allegedly within the scope of his employment in *Mazer*, was the company's president, performing what "could reasonably have been the kind of task for which he was

6

employed." *Id.* at 1272-73. In contrast, Plaintiffs cannot plausibly allege that Mr. Way was employed by Phos to self-promote on a personal website, which Plaintiffs concede was Mr. Way's purpose in posting the Subject Materials. SAC ¶58 (alleging that Mr. Way "used Furlong's name and business story without consent to directly promote *his own* branding services.") (emphasis added). No pleaded fact in the SAC supports such a finding.

Plaintiffs also misconstrue *Klein*. Resp. at 29. First and foremost, *Klein* applied the Second Circuit's vicarious copyright infringement test, requiring the control be over the *infringement* directly—a requirement Plaintiffs do not plead or argue. *Klein & Heuchan*, 707 F. Supp. 2d at 1297. Further, that the individual in *Klein* was labeled an "independent contractor" is irrelevant. In *Klein*, the court found that a company had sufficient control to satisfy the "right and ability" requirement for vicarious copyright infringement where the direct infringer used the copyright-holder's materials as part of his work at the alleged vicarious infringer. *Id.* at 1296-97. That is, the supervisory control that was sufficient in *Klein* was supervision over the *direct infringement*, not some unrelated activity. *Id.*

Plaintiffs' citation to *Benson v. Seestrom*, 409 So. 2d 172, 173 (Fla. Dist. Ct. App. 1982) for the agency law rule that a principal may be bound by an agent's unauthorized act where a third party reasonably relies on the agent's apparent authority, does not help either. Resp. at 10. Plaintiffs cannot rely on a theory that

7

Mr. Way had "apparent authority" to *create* the Subject Materials as apparent authority (on which Plaintiffs necessarily relied) for Mr. Way to post said materials to his personal site. They do not and cannot allege that Phos held Mr. Way out as authorized to post the materials on his personal site. ECF 46 at 19-20.

Nothing in the Response cures these deficiencies. For the reasons stated here and Phos's Motion, Claim 2 should be dismissed.

### C.    Plaintiffs' Request for "Special Damages" Should Be Stricken

Plaintiffs' "special damages" request is not "a category of damages." It is the primary relief they seek. ECF 46 at 23 n.7. And it rests on a causal chain the SAC pleads only on information and belief: that Mr. Way's posting led the agency behind Tenzing VA's brand to find and copy the materials, which forced Plaintiffs into separate litigation whose fees they now seek. SAC ¶¶77-78. Those allegations supply no supporting facts; they are conclusions and "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The problem is one of pleading, not proof. Stripped of the assumption of truth, ¶¶77-78 allege no plausible causal link between Phos and the fees, and the prayer they support fails with them. Plaintiffs' Response does not repair the gap; it sidesteps the causation defects Phos identified. ECF 46 at 25-30.

In a last-ditch effort to save SAC Prayer ¶D, Plaintiffs insinuate that the "Copyright Act and § 412 arguments do not justify striking Paragraph D at the

pleading stage." Resp. at 33-34. Plaintiffs do not dispute that 17 U.S.C. § 412 bars any request for statutory damages. ECF 29-1 at 11. They appear to dispute only that § 412 reaches their fees. But § 412 bars both, and for the same reason: Plaintiffs registered after the infringement began and more than three months after first publication. ECF 29 ¶2. Acknowledging the bar, the SAC abandoned both the statutory damages and Copyright Act fees requests of the FAC. Despite this abandonment, Plaintiffs have now turned around and asserted, in both their Response and Initial Disclosures, that they "may be entitled to recover fees or expenses under one or more available theories, including . . . Copyright Act remedies." Resp. at 34; ECF 49 at 11. In raising these arguments, Plaintiffs reveal what they are really after: the fees and costs of a separate lawsuit against third parties. Plaintiffs also argue they will pursue "one or more available theories" or "another applicable basis," effectively admitting that, absent judicial intervention, they will continue raising new, unsupported theories to seek this extraordinary remedy. A prayer untethered to any plausible legal theory should be stricken.

Recent discovery confirms that the premise of ¶¶77-78, that the agency behind the Tenzing VA brand found and copied from Mr. Way's website, is not only unsupported, it is false. In a letter sent to Plaintiffs on April 20 (a month before the SAC was filed), Tenzing VA confirmed it had "never heard of Phos," "never seen the Tenzing Brand Guide[,]" and that Tenzing VA and its marketing firm had

9

undertaken an iterative design process to independently come up with the Tenzing VA brand, developed from "a variety of different logos and stories behind each concept" which were reviewed and refined, after which "Tenzing [eventually] selected one of the logos designed by the marketing firm to use for its business." Ex. A2 at 2. This was further corroborated when on June 23, 2026, Phos deposed Tenzing VA's marketing agency, Consociate Media, LLC ("Consociate"), through its corporate representative. Consociate had never heard of Mr. Way or his design company before this lawsuit. Ex. A1 at 74:14-21. He had never seen Mr. Way's website, and did not see it at any point while Consociate developed the Tenzing VA brand. *Id.* at 75:18-76:4. And no Consociate employee who worked on the project, including the lead designer of the Tenzing VA logo, had ever seen Mr. Way's website. *See id.* at 81:4-10 ("Q. As you sit here today, speaking for Consociate Media, are you aware of anyone at Consociate, or anywhere else, who viewed or used Duncan Way's website while developing the Tenzing VA brands? A. No."); *see also id.* at 89:13-90:2. The causal chain ¶¶77-78 assume does not exist, and no amendment can manufacture it. *See SCOMA Chiropractic, P.A. v. Jackson Hewitt Inc.*, No. 2:17-cv-24, 2017 WL 3149360, at *4 (M.D. Fla. July 25, 2017) (citation omitted) (pleadings "on information and belief" "must be 'based on factual information that makes the inference of culpability plausible.'"). Should the Court find that Plaintiffs' breach claim survives, it should strike SAC Prayer ¶D.

10

Between Plaintiffs' Response and this Reply, the Tenzing VA case appears to have settled. *Tenzing Fin. Advisors, PLLC v. Tenzing Fin., LLC*, No. 4:26-cv-44 (E.D. Va. June 20, 2026), ECF 20. Phos therefore withdraws as moot its ripeness and stay arguments.

### D.    Plaintiffs' Request for Fees Should Be Denied

Plaintiffs ask the Court to sanction Phos's counsel under 28 U.S.C. § 1927 because Phos supposedly forced Plaintiffs to brief the same issues twice. Resp. at 39-41. First and foremost, Plaintiffs incurred no excess cost. They never responded to Phos's prior motion to dismiss. The SAC was filed and accepted less than a week after Phos filed its first motion to dismiss. ECF 37, ECF 41. The present response is Plaintiffs' first and only response to a motion to dismiss filed by Phos. There is no "duplicative" cost to shift under §1927.

If anyone multiplied these proceedings, it was Plaintiffs. For months, Phos identified the same facial deficiencies in Plaintiffs' pleadings. Rather than cure them, Plaintiffs filed three successive complaints that left the core defects in place. A day before Phos's deadline to respond to the FAC, Plaintiffs announced they would seek leave to amend, yet again, to address those deficiencies. To avoid redundant motion practice, Phos moved for an extension so that it could respond to the new pleading once filed. ECF 29 ¶10. Plaintiffs then delayed. Despite repeated representations they would file the SAC, they did not do so for nearly three weeks. *See* ECF 37 at 1.

11

Because Plaintiffs still had not moved for leave to amend, the Court ordered Phos to "answer or otherwise respond to the first amended complaint on or before May 19, 2026." ECF 32. Phos complied, filing its original motion on May 15. ECF 37. Phos's original motion was not a choice. Plaintiffs moved for leave three days later, on May 18, mooting that motion. Plaintiffs cannot conjure "multiplication" from a delay of their own making. To the extent any multiplication occurred, it can be traced to Plaintiffs' multiple deficient pleadings, which they could have cured from the outset, having known the operative facts since late 2025

The present Motion attacks only the remaining uncured deficiencies. Plaintiffs suggest that Phos's Motion attacks "superseded pleadings," "repeat[s] arguments mooted by amendment," or rests on "factual defenses." Resp. at 40-41. Each charge is wrong. The Motion is directed at the operative SAC. Moreover, Plaintiffs concede that the SAC addressed only "several" of the issues Defendants raised, not *all*. Resp. at 13. Phos withdrew its arguments mooted by amendment and moved to dismiss those remaining deficiencies, as corroborated by Plaintiffs' retelling of the June 2, 2026, meet-and-confer. *Id.* at 14.

Plaintiffs do not substantively support their request for sanctions under §1927. An award of sanctions requires multiplication of proceedings due to "conduct [] so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citation omitted). Plaintiffs do not allege

12

any form of bad faith, or conduct "tantamount to bad faith." Nor does the case they cite help them. Resp. at 40. The cited *McDonough* case has nothing to do with §1927, in fact, the opinion was granting a motion to dismiss where the plaintiffs "reincorporate[d] several counts into subsequent counts, [and] each count in the complaint comprises multiple complaints against multiple Defendants." *McDonough v. City of Homestead*, No. 17-23227-Civ, 2018 WL 11250006, at *1 (S.D. Fla. June 5, 2018).

Finally, Plaintiffs' cited case, *Byrne*, supports the idea that *Phos* should be awarded sanctions under §1927 because of Plaintiffs' faulty amendments. *Byrne v. Nezhat*, 261 F.3d 1075, 1117 (11th Cir. 2001) ("[W]e would be remiss if we did not affirm the district court's imposition of monetary sanctions against Byrne under section 1927 and the court's inherent power as well as under Rule 11. The conclusion is inescapable that . . . Byrne filed a frivolous lawsuit, in bad faith, for the purpose of extorting a settlement from the defendants."). Plaintiffs' request should be denied. To the extent the Court considers fee-shifting at all, the conduct that multiplied these proceedings was Plaintiffs' own, and Phos reserves all rights to seek its costs at the appropriate time and through the appropriate vehicle.

13

## III.   CONCLUSION

For these reasons and those stated in the Motion, Phos respectfully requests that the Court dismiss the Second Amended Complaint as to Phos, dismiss or strike Paragraph D of the Prayer for Relief, and deny Plaintiffs' request for fees.

Respectfully submitted,

June 29, 2026                                    /s/ *Philipp Ruben*

Philipp Ruben (6324579)
Ronald H. Spuhler (6270660)
Christian H. Hallerud (6348995)
**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
PRuben@mcandrews-ip.com
RSpuhler@mcandrews-ip.com
CHallerud@mcandrews-ip.com

**Attorneys for Defendant, Phos
Creative, LLC**

14

## <u>WORD COUNT CERTIFICATE</u>

I certify that the above motion contains 3,196 words and complies with Local

Rule 7.1(F).

/s/ *Philipp Ruben*
Philipp Ruben

## CERTIFICATION OF SERVICE

I hereby certify that on June 29, 2026, the foregoing document was electronically filed and served via the CM/ECF system to all counsel of record.

*/s/ Philipp Ruben*
Philipp Ruben

16